In re the Marriage of Carol A. JOA-
CHIM, Appellant (Respondent
Below),

v.

Joseph R. JOACHIM, Appellee
(Petitioner Below).

No. 4–682A149.

Court of Appeals of Indiana,
Fourth District.

June 22, 1983.

Rehearing Denied July 21, 1983.

Robert L. McLaughlin, Wooden, Mc-
Laughlin & Sterner, Indianapolis, for ap-
pellant.

Gil I. Berry, Jr., Buck, Berry, Landau,
Breunig & Quinn, Indianapolis, for appellee.

YOUNG, Presiding Judge.

Carol Joachim appeals from the trial
court's order "clarifying" its earlier decree,
entered on the dissolution of Carol's mar-
riage to Joseph Joachim. The disputed de-
cree provision said, in pertinent part:

10. That with regard to the family
residence commonly known and identified
as 1914 Foxcliff North, Martinsville, Mor-
gan County, Indiana, the Respondent-
Wife shall be permitted to remain in said
family residence until June 30, 1981 un-
less said family residence is sold and Re-
spondent-Wife has to vacate said resi-
dence because of said sale prior to June
30, 1981. From now until June 30, 1981,
both parties shall use all reasonable ef-
forts in an attempt to sell said family
residence, . . . .

In the event the family residence is
sold prior to June 30, 1981, the Respon-
dent-Wife shall be paid the full and final
sum of Forty Thousand Dollars ($40,-
000.00) out of the net proceeds of the sale
of said family residence, the balance of
the net proceeds being paid to the Peti-
tioner-Husband.

In the event the family residence is not
sold prior to June 30, 1981, the Petitioner-
Husband shall pay to Respondent-Wife on
or before such date, the sum of Forty
Thousand Dollars ($40,000.00), in cash,
and assume the remaining unpaid balance
of the mortgage to Home Building Asso-
ciation and all unpaid real estate taxes
previously assessed on the residence, in
which said latter case, the ownership of
said family residence shall be solely with
the Petitioner-Husband.

.    .    .    .    .

If the residence is not sold prior to
June 30, 1981, and if Petitioner-Husband

shall fail to discharge his obligation to purchase Respondent-Wife's interest in the residence for $40,000.00 by such date, Respondent-Wife, in addition to any other rights or remedies which she may have to enforce this Decree, may remain in possession of the residence until such time as Petitioner-Husband complies with his obligation to purchase, in which event Petitioner-Husband shall remain liable for the obligations he has assumed hereunder with respect to mortgage payments, taxes, insurance, assessments, maintenance costs and certain utilities.

The parties' house was not sold by June 30, 1981, and Carol has remained in possession. Joseph did not pay Carol $40,000.00, as the order required. Rather, on February 25, 1982, Joseph filed a Petition for Instructions. In it, he alleged that he would be unable to pay Carol until the house was sold, and that Carol had refused to cooperate in selling the home since June 30, 1981. In response, the court entered the following order:

> Parties [appear] in person and by counsel, arguments heard on petition for instructions, court finds: 1. That the subject real estate has not yet been sold pursuant to paragraph # 10 of the decree. 2. That an ambiguity exists as to paragraph # 10 of the decree. 3. That the decree of January 6th, 1981 is clarified in that all payments made by the petitioner since June 30th, 1981 relating to the subject real estate shall be set off against the $40,000.00 obligation as set out in the decree.

Carol appeals, claiming this order was contrary to law.

We reverse.

Initially, we note that the court's order did not merely clarify its original decree. Rather, the order materially altered the decree's terms. The property division decree was clearly meant to give Carol $40,000 as her share of the equity in the marital home. The June 30 deadline insured that Carol would receive this share soon after the dissolution. The decree expressly imposed the liability for taxes, insurance, and mortgage payments on Joseph, both before and after June 30, 1981. The court's "clarification" order, allowing Joseph to set off all payments "relating to" the marital home, effectively shifted to Carol the liability for such payments after June 30, 1981. Thus, the order materially altered an unambiguous provision of the original decree.

This order was clearly contrary to law. Ind.Code 31–1–11.5–17 provides: "The orders as to property disposition entered pursuant to section 9 [Ind.Code 31–1–11.5–9] ... *may not be revoked or modified, except in case of fraud* ...." (Emphasis added). No fraud has been shown here; thus, this order was not authorized under Ind.Code 31–1–11.5–17. Nor was this order authorized under Ind.Rules of Procedure, Trial Rule 60(B). Although a court may sometimes modify its property division decree under T.R. 60(B), *Lankenau v. Lankenau,* (1977) 174 Ind.App. 45, 365 N.E.2d 1241, a court may not do so without a motion by a party and without a hearing. *State ex rel. AAFCO H. & A.C. Co. v. Lake Superior Court,* (1975) 263 Ind. 233, 328 N.E.2d 733; *Sowers v. Sowers,* (1981) Ind.App., 428 N.E.2d 245. One seeking relief from judgment has the burden of showing the relief is necessary and just. *Whitaker v. St. Joseph's Hospital,* (1981) Ind.App., 415 N.E.2d 737. The court's ruling on a T.R. 60(B) motion may only be reversed for abuse of discretion. *Id.* In this case, Joseph's Petition for Instructions could conceivably be read as a motion under T.R. 60(B)(3), based on Carol's "misconduct" in impeding the sale of the house. The court's order, however, was issued after argument by the parties' attorneys, with no evidentiary hearing. Thus, the record is devoid of evidence establishing misconduct or any other basis for relief. Absent such evidence, the trial court had no authority under T.R. 60(B) to modify the decree by allowing Joseph to deduct his house payments from the $40,000 he owed Carol. The court's order "clarifying" its earlier dissolution decree was contrary to law.

Reversed.

MILLER and CONOVER, JJ., concur.