**Delbert R. PARHAM, Appellant–Petitioner,**

v.

**Shari L. PARHAM, Appellee–Respondent.**

No. 34A02–0605–CV–408.

Court of Appeals of Indiana.

Oct. 25, 2006.

---

Katherine J. Noel, Noel Sullivan, Kokomo, IN, Attorney for Appellant.

David A. Cox, Bayliff, Harrigan, Cord and Maugans, P.C., Kokomo, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Delbert R. Parham ("Husband") appeals from the trial court's order granting the motion of Shari L. Parham ("Wife") to submit a revised qualified domestic relations order ("QDRO") that the trial court ordered in the parties' dissolution decree. Husband presents the following issues for review:

1. Whether the trial court erred when it treated Wife's motion to submit a revised QDRO as a motion for relief from judgment under Indiana Trial Rule 60(B).

2. Whether the trial court abused its discretion when it granted Wife's motion to submit a revised QDRO under Trial Rule 60(B).

We affirm.

### FACTS AND PROCEDURAL HISTORY

On January 21, 2004, the trial court entered its decree dissolving the marriage of Husband and Wife. The decree provided, in relevant part, that "Wife shall receive 40% of Husband's monthly pension benefit from DaimlerChrysler upon Husband reaching the age of 65. Wife's counsel is directed to prepare the appropriate qualified domestic relations order(s)." Appellant's App. at 32.

On June 29, 2004, Wife's counsel submitted a QDRO to the administrator of Husband's DaimlerChrysler pension plan. The administrator later returned the QDRO because the full plan name was not included on the QDRO. Wife's counsel then submitted a second QDRO. By letter dated March 2, 2005, the plan administrator rejected the second QDRO because it was not certified by the clerk of the court and because the plan does not provide for specifying a later date for an alternate payee, such as Wife, to begin receiving benefits.

On April 16, 2005, Wife's counsel filed a motion to submit a revised QDRO, and on December 2, 2005, she filed a brief in support of that motion. On December 7, 2005, the trial court held a hearing, at which counsel for both parties presented arguments and Husband's counsel stipulated to the admission of the March 2, 2005, denial letter. In its ruling dated March 14, 2006, the trial court's order stated, in relevant part:

1. That [Wife] should be, and she hereby is, awarded an interest in [Husband's] Chrysler Pension Plan, in an amount equal to one-half (1/2) times a fraction, the numerator of which is the

number of months the parties were married, to wit; two hundred eight[y-]three, and the denominator of which is the total number of months [Husband] accrues pension benefits while working for Chrysler Corporation. [Wife] is entitled to a QDRO Order [sic] fixing said interest, upon presentation.

2. It is further Ordered that said pension benefits shall be paid to [Wife], at such time as [Husband] starts receiving pension benefits.

Appellant's App. at 11.[1] Husband filed a motion to correct error, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Type of Motion

■ Husband first contends that the trial court erred when it treated Wife's motion to submit a revised QDRO as a motion for relief from judgment under Indiana Trial Rule 60(B). In particular, he argues that because Wife did not specify that her motion to submit a revised QDRO was filed under Trial Rule 60(B), the trial court should not treat it as such. We cannot agree.

■ Indiana Trial Rule 60(B) provides:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

\* \* \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).

Ind. Trial Rule 60(B). Relief under Trial Rule 60(B) may be granted only upon motion by a party. Ind. Trial R. 60(B); *Joachim v. Joachim,* 450 N.E.2d 121, 122 (Ind.Ct.App.1983). But a trial court may look beyond the form of a motion to its substance. *Hubbard v. Hubbard,* 690 N.E.2d 1219, 1221 (Ind.Ct.App.1998). To prevail, the motion must allege a meritorious claim or defense under one of the provisions in Trial Rule 60(B). Ind. Trial R. 60(B).

Here, the dissolution decree required Wife's counsel to prepare a QDRO that set aside to Wife 40% of Husband's pension "upon Husband reaching the age of 65." Appellant's App. at 32. Wife filed a motion to submit a revised QDRO immediately after the plan administrator informed her that the plan does not permit a delayed payment to an alternate payee. In her motion, Wife explained that the plan did not permit delayed payments, and she requested permission to submit a revised QDRO that did not include the language deferring payment to Wife until Husband reaches the age of 65. In her memorandum in support of her motion, Wife further observes that a domestic relations order cannot "require the plan to provide any type or form of benefit, or any option not otherwise provided under the plan." 29 U.S.C. § 1056(d)(3)(D)(i). In essence, Wife informed the court that, with regard to the division of Husband's pension, the implementation of the property division ordered in the dissolution decree was legally impossible to carry out. As such, Wife's

---

1. The trial judge who issued the order is not the same as the trial judge who entered the dissolution decree in 2004.

motion adequately states a meritorious claim for relief from judgment. Thus, the trial court did not err when it treated her motion to submit a revised QDRO as a motion for relief under Trial Rule 60(B).

Husband points out that Wife did not designate that her motion was filed under Trial Rule 60(B) and that the trial court's order on the motion is devoid of reference to that rule. Thus, he argues that the trial court had no authority to modify the dissolution decree under Trial Rule 60(B). In support of that contention, Husband cites to *Poppe v. Jabaay*, 804 N.E.2d 789 (Ind. Ct.App.2004), *trans. denied, cert. denied.* In *Poppe*, the trial court's dissolution decree ordered the sale of the marital residence, and the trial court later appointed a commissioner to supervise the sale. After the commissioner accepted an offer that satisfied the terms of the dissolution decree, the wife filed "a series of motions attempting to both modify the Decree of Dissolution and block the commissioner's sale of the marital residence to [the offeror]." *Id.* at 792. The offeror intervened, and, in a subsequent hearing, the trial court ordered the commissioner to sell the marital residence to the wife. In the offeror's appeal, this court considered "whether the trial court's order ... can be sustained under the provisions of T.R. 60(B)." *Id.* at 795. The court noted that a court may not modify a property division decree under Trial Rule 60(B) without a motion by a party and without a hearing. *Id.* The court found that the wife did not file a motion under Trial Rule 60(B) and, therefore, the trial court had no authority to modify its decree under that rule.

The opinion in *Poppe* is inapposite. There, the court was not asked to consider whether the motions the wife had filed were properly treated as motions filed under Trial Rule 60(B). Instead, the court looked only at whether the trial court's order was sustainable under that rule. Moreover, we have frequently held that where the purpose of a rule is satisfied, this court will not elevate form over substance. *Hoosier Health Sys. v. St. Francis Hosp. & Health Ctrs.*, 796 N.E.2d 383, 387 (Ind.Ct.App.2003); See also *Town of St. John v. Home Builders Ass'n*, 428 N.E.2d 1299, 1302 (Ind.Ct.App.1981); *Wilson v. Wilson*, 169 Ind.App. 530, 349 N.E.2d 277 (1976). Here, in her motion to submit a revised QDRO, Wife requested relief from a judgment that was legally impossible to implement. Further, at the hearing on Wife's motion, Wife's counsel made clear that the trial court was presented with a request for relief under Trial Rule 60(B). Thus, Husband's argument that Wife's motion was not a request for relief under Trial Rule 60(B) must fail.[2]

### Issue Two: Relief from Judgment

Husband contends that, even if the trial court properly treated Wife's motion as one filed under Trial Rule 60(B), the trial court abused its discretion when it granted the motion to submit a revised QDRO. We review the grant or denial of a Trial Rule 60(B) motion for relief from judgment under an abuse of discretion standard. *In re Paternity of T.G.T.*, 803 N.E.2d 1225, 1226 (Ind.Ct.App.2004), *trans. denied.* The trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Id.* On appeal,

2. In arguing that Wife's motion to submit a revised QDRO was not a request for relief under Trial Rule 60(B), Husband alleged that the dissolution decree could only be modified under Indiana Code Section 31–15–7–9.1, which provides for modification of a dissolu-

tion decree only if a party shows the existence of fraud. Because we review the trial court's order under Trial Rule 60(B), we need not address Husband's contention that the trial court should not have granted relief because Wife did not allege fraud.

we will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law. *Id.*

## Basis for Relief

■ On appeal, Wife contends that the trial court granted relief under Trial Rule 60(B)(8). But Husband contends that Wife's request for relief from the judgment and the trial court's grant of relief fall under Trial Rule 60(B)(1). In support, Husband observes that Wife referred to a "mistake" at the hearing and in her appellate brief. To the extent that Husband argues that the trial court abused its discretion by granting relief under Trial Rule 60(B)(1), he has not presented meaningful argument or relevant citations to the record in support thereof. *See* Ind. Appellate Rule 46(A)(8)(a). As such, the issue is waived.

■ We next consider whether to treat Wife's motion as one filed under Trial Rule 60(B)(8). Indiana Trial Rule 60(B)(8) provides that relief from a judgment may be granted "for any reason justifying relief from the operation of the judgment, other than those reasons set forth in [Indiana Trial Rule 60(B)(1), (2), (3), and (4) ]." This court addressed the grant of relief under Trial Rule 60(B)(8) in the context of a dissolution decree in *Case v. Case,* 794 N.E.2d 514 (Ind.Ct.App.2003). There, in the dissolution decree, the trial court found that the husband had a 401(k) plan valued as of a certain date at $90,389.48. The decree further provided that the husband was to receive $40,389.48 of his 401(k) plan and that the wife was to receive $50,000 of the husband's 401(k) plan. Forty-three

days later, the husband moved to modify the dissolution decree. He claimed that the decree could not be executed as written because the value of his 401(k) plan had decreased from $90,389.48 to $67,266 about one month after the decree was entered. The trial court granted relief under Trial Rule 60(B)(8) and modified the decree to allocate the 401(k) account between the parties in percentages approximating the percentage allocations in the original decree.

Here, the dissolution decree orders Wife's counsel to prepare a QDRO under terms that do not comply with either ERISA or Husband's pension plan. Thus, like the decree in *Case,* this part of the decree cannot be implemented. Further, at the hearing on Wife's motion, Wife's counsel referred to Wife's motion as a request "to try to correct an injustice." Appellant's App. at 24. On these facts, we conclude that Wife's motion falls under Trial Rule 60(B)(8).

## Timeliness of Motion

■ Husband contends that Wife's motion for relief from judgment is untimely.[3] A motion under Trial Rule 60(B)(8) must be filed "within a reasonable time[.]" Ind. Trial R. 60(B). Determining what is a reasonable time period depends on the circumstances of each case, as well as the potential prejudice to the party opposing the motion and the basis for the moving party's delay. *C.E. v. Marion County Office of Family & Children (In re Involuntary Termination of K.E. and W.E.),* 812 N.E.2d 177, 180 (Ind.2004), *trans. denied.*

Here, the trial court entered its dissolution decree on January 21, 2004. Wife submitted the first QDRO to the Daimler-

---

**3.** Husband's timeliness argument is based on his premise that Wife's motion falls under Trial Rule 60(B)(1), which motion must be filed within one year of the judgment from which relief is sought. Ind. Trial R. 60(B). Nevertheless, we address Husband's timeliness argument briefly under Trial Rule 60(B)(8).

Chrysler plan administrator on June 29, 2004, and the administrator returned the form requesting the full name of the relevant pension plan. Wife then submitted a second QDRO to the plan administrator. In compliance with the dissolution decree, that QDRO required payment to Wife of 40% of Husband's pension benefit upon Husband reaching age 65. The plan administrator sent Wife a letter dated March 2, 2005, denying qualification of the order because (a) the plan does not provide for delayed payments to alternate payees, and (b) the QDRO submitted was not a certified copy from the clerk of the court. On April 15, 2005, Wife filed her motion to submit a revised QDRO, requesting permission to delete the delayed date for payment to Wife of the benefit set aside to her under the dissolution decree.

Wife filed her motion within two months of learning that the payment instructions required under the dissolution decree, namely, delay of payment to Wife until Husband reaches age 65, were prohibited by the pension plan. Husband does not argue that Wife knew or should have known at an earlier date that the dissolution decree required a QDRO with terms not allowed under the plan. And Husband does not contend that Wife's delay in filing her motion to submit a revised QDRO is not a reasonable period of time for requesting relief from a judgment under Trial Rule 60(B)(8). Indeed, Husband asserts only that Wife's motion was not timely filed under Trial Rule 60(B)(1). Thus, we cannot say that the trial court abused its discretion when it did not deny Wife's motion as untimely.

### Propriety of Order

Finally, Husband argues that the trial court abused its discretion when it granted Wife's motion to submit a revised QDRO. A motion for relief from judgment under Trial Rule 60(B)(8) "must allege a meritorious claim or defense." Ind. Trial R. 60(B). "[A] meritorious defense is one showing, if the case [were] retried on the merits, a different result would be reached." In re K.E. & W.E., 812 N.E.2d at 180. And "in ruling on a T.R. 60(B) motion, the trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and societal interest in the finality of litigation." Id.

Qualified domestic relations orders must comply with the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001–1461. Under ERISA, pension benefits may be assigned or alienated from the plan participant only if the order alienating the benefit is a "qualified domestic relations order." 29 U.S.C. § 1056(d)(3). But a qualified domestic relations order cannot require the plan administrator "to provide any type or form of benefit, or any option, not otherwise provided under the plan[.]" 29 U.S.C. § 1056(d)(3)(D)(i).

Here, again, Husband does not allege that the trial court should not have granted relief under Trial Rule 60(B)(8), nor does he allege that Wife knew or should have known earlier that the pension plan does not allow for delayed payments to alternate payees. Rather, he contends only that relief was not proper under Trial Rule 60(B)(1). As such, Husband has not met his burden of showing that the trial court abused its discretion by granting relief. Further, Wife alleges in her appellate brief that the trial court properly granted relief under Trial Rule 60(B)(8). In support of that contention, Wife points out that the trial court divided Husband's DaimlerChrysler pension between the parties and, to implement that distribution, ordered as follows: "Wife shall receive 40% of Husband's monthly pension benefit from DaimlerChrysler upon Husband

reaching the age of 65. Wife's counsel is directed to prepare the appropriate qualified domestic relations order(s)." Appellant's App. at 32. But, as noted in the denial letter from the plan administrator, the DaimlerChrysler pension plan here does not allow a delayed payment to an alternate payee. Like the decree in *Case,* here, Wife cannot implement the QDRO provision of the dissolution decree because any QDRO prepared by Wife's counsel in compliance with the decree would not be a qualified domestic relations order under ERISA.

Wife has alleged a meritorious claim under Trial Rule 60(B)(8). Specifically, Wife has alleged that the part of the dissolution decree allocating Husband's pension requires her counsel to prepare a QDRO that, by ERISA's definition, cannot be a qualified domestic relations order because it provides for a distribution not available under Husband's pension plan. In sum, Wife has shown that the distribution of husband's pension as ordered in the dissolution decree is impossible to accomplish. A trial court with knowledge of a pension plan's requirements would not order the preparation of a QDRO that does not comply with ERISA, as was done here. Thus, Wife has shown that, if the case were retried on the merits, a different result would be reached. *See In re K.E. & W.E.,* 812 N.E.2d at 180.

Husband also alleges that an injustice has resulted from the relief granted to Wife through "modification" of the dissolution decree. In particular, Husband contends that the trial court's order modified the property division by allocating to Wife a larger portion of his DaimlerChrysler pension. The trial court's order provides:

1. [Wife] should be, and she hereby is, awarded an interest in [Husband's] Chrysler Pension Plan, in an amount equal to one-half (1/2) times a fraction, the numerator of which is the number of months the parties were married, to wit; two hundred eight[y-]three (283), and the denominator of which is the total number of months [Husband] accrues pension benefits while working for Chrysler Corporation. [Wife] is entitled to a QDRO Order [sic] fixing said interest, upon presentation.

2. It is further Ordered that said pension benefits shall be paid to [Wife], at such time as [Husband] starts receiving his pension benefits.

Appellant's App. at 11.

■ Husband argues that the order modified the percentage of the pension benefit Wife is to receive and the date she is to start receiving it and that such a modification "materially alters the terms of the original decree." Appellant's Brief at 7. But Husband has not shown the percentage allocated Wife under the trial court's order.[4] Husband also has not explained how the change in the date that Wife is to begin receiving payments under the QDRO materially altered the terms of

4. The trial court's order essentially used a coverture fraction to determine Wife's interest in Husband's pension. Under the coverture fraction formula, the value of the retirement plan is multiplied by a fraction, the numerator of which is the period of time during which the marriage existed while pension rights were accruing and the denominator is the total period of time during which pension rights accrued. Here the total period of time during which pension rights have accrued has not yet been determined because Husband is still accruing interest in his pension. Had Husband shown how many months he had accrued an interest in the pension during the marriage, we could have determined the percentage of the pension allocated to Wife at the time of the dissolution and whether that allocation differed from the amount awarded to Wife in the dissolution decree. Without such information, we cannot determine the percentage allocated to Wife under the trial court's order.

the dissolution decree. Husband has not presented meaningful argument or relevant citations to the record in support of that argument. *See* Ind.App. R. 46(A)(8)(a). Thus, the argument is waived.

 In addition, we note that the trial court had a nondelegable duty to divide the property. *See* Ind.Code § 31–15–7–4; *Henderson v. Henderson,* 401 N.E.2d 73, 74 (Ind.Ct.App.1980) (under dissolution statute "the court shall divide the property"). Wife's motion to submit a revised QDRO informed the court that the part of the decree distributing the pension was for all intents and purposes a nullity and, as a result, that the trial court had not completely divided the parties' property. Thus, the trial court had an affirmative duty to amend the decree in order to divide the pension. It fulfilled that duty when, through the order granting Wife's motion, it provided a workable method for determining Wife's interest in Husband's pension in compliance with ERISA and the pension plan.

### Conclusion

Husband has not met his burden of showing that the trial court erred when it treated Wife's motion to submit a revised QDRO as a motion for relief from judgment. Wife's motion stated that the dissolution decree could not be implemented as written in light of ERISA requirements and provisions in Husband's pension plan, and she asked to submit a QDRO that would not strictly comply with the decree. Specifically, Wife requested to submit a revised QDRO that did not include a limitation that she begin receiving payments upon Husband reaching the age of 65. Although not denominated as such, Wife's request was tantamount to a request for relief from a judgment under Trial Rule 60(B). Thus, the trial court did not err when it treated her motion as one for relief from judgment.

Husband also has not met his burden of showing that the trial court abused its discretion when it granted relief on Wife's motion to submit a revised QDRO. First, Husband has not supported his argument that the motion falls under Trial Rule 60(B)(1). Thus, he has not shown that the motion was untimely filed more than one year after the dissolution decree. And Husband has not demonstrated why the motion should not be treated as a request for relief under Trial Rule 60(B)(8). Further, Wife alleged a meritorious claim, and Husband has not shown that any injustice resulted from the trial court's order granting relief. And Husband has failed to show that the trial court's order materially altered the terms of the dissolution decree.

Husband has not met his burden of showing that the trial court abused its discretion when it granted Wife's request to submit a revised QDRO. Therefore, we affirm the trial court's order granting Wife's motion to submit a revised QDRO.

Affirmed.

FRIEDLANDER, J., and DARDEN, J., concur.