# FOR PUBLICATION



**FILED**

Feb 14 2012, 9:26 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES S. BUTTS**
Law Office of James S. Butts, P.C.
Warsaw, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE:  THE MARRIAGE OF )<br><br>K.Z., )<br><br>    Appellant-Petitioner, )<br><br>        and )<br><br>M.H., )<br><br>    Appellee-Respondent. ) | No. 43A05-1107-DR-436 |

APPEAL FROM THE KOSCIUSKO CIRCUIT COURT
The Honorable Rex L. Reed, Judge
Cause No. 43C01-1101-DR-30

**February 14, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

K.Z. ("Mother") appeals from an order granting M.H. ("Father") Indiana Trial Rule 60(B) relief by modifying their dissolution decree to reflect that a child of the marriage had been born. Mother presents the sole issue of whether the dissolution court abused its discretion by granting the modification.[1] We affirm.

**Facts and Procedural History**

The parties were married on June 7, 2009. On January 26, 2011, Mother petitioned for dissolution of the marriage. In the petition, which Mother signed under penalty of perjury, she averred: "I am currently six months pregnant; and there will be one minor child born to the marriage, who will be dependent on the parties for support." (App. 5.)

On March 28, 2011, Mother wrote a letter to the dissolution court expressing a desire to have the marriage terminated before the birth of her child. On April 8, 2011, the parties waived final hearing and submitted their proposed final decree of dissolution. The document provided in part:

There were no children born during the marriage.

Petitioner is now pregnant.

(App. 10.) The same day, the dissolution court approved and adopted the proposed decree and dissolved the marriage.

---

[1] Father has failed to file an appellee's brief. When the appellee fails to submit a brief, we need not undertake the appellee's burden of responding to arguments that are advanced for reversal by the appellant. Hamiter v. Torrence, 717 N.E.2d 1249, 1252 (Ind. Ct. App. 1999). Rather, we may reverse the trial court if the appellant makes a prima facie case of error. Id. "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." Id. Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. Mikel v. Johnston, 907 N.E.2d 547, 550 n.3 (Ind. Ct. App. 2009).

On May 26, 2011, Father wrote a letter to the dissolution court, claiming that his child had been born and he was denied access to her. The court advised Father to seek legal representation. On June 1, 2011, Father, by counsel, filed his "Motion to Set Aside Judgment Pursuant to Trial Rule 60." (App. 16.)

On June 29, 2011, the dissolution court conducted a consolidated hearing to address the Trial Rule 60(B) motion and Mother's petition for a protective order. Mother testified, and argument of counsel was heard. At that time, Father's counsel advised the court that Father was not seeking to have the dissolution decree vacated, but rather was seeking a modification to reflect the parties' child having been born. On the same day, the court entered an order providing that the dissolution decree "should be modified to reflect the birth of a child born to the parties to the marriage[.]" (App. 18.) Mother appeals.

**Discussion and Decision**

It appears that Father's motion was filed pursuant to Indiana Trial Rule 60(B)(8), which provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> . . . .
>
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

We have addressed the grant of relief under Trial Rule 60(B)(8) in the context of a dissolution decree in Case v. Case, 794 N.E.2d 514 (Ind. Ct. App. 2003) (where a portion of the decree could not be executed as written because the value of a 401(k) plan had significantly decreased one month after the decree was entered) and Parham v. Parham, 855

3

N.E.2d 722 (Ind. Ct. App. 2006) (where wife requested "to try to correct an injustice" after her counsel had been ordered to prepare a qualified domestic relations order under terms not complying with either the law or the husband's pension plan), trans. denied. Accordingly, we treat Father's motion as one filed under Trial Rule 60(B)(8).

We review the grant or denial of a Trial Rule 60(B) motion for relief from judgment under an abuse of discretion standard. Parham, 855 N.E.2d at 727. We will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law. Id. at 727-28.

Mother claims that the grant of relief is contrary to law because the trial court heard no evidence of Father's paternity, but relied upon argument of counsel or a statutory presumption of paternity. According to Mother, Father did not meet his burden of proof to obtain equitable relief and should initiate a paternity action to assert his claim that he is the father of Mother's child.

It is true that neither party testified that Father is the biological parent of the child born to Mother after the dissolution decree was entered. However, the paternity of Mother's child was not a disputed fact. Indeed, in her petition for dissolution, Mother advised that she was pregnant with a child of the marriage. At the hearing requesting modification of the decree, Mother's counsel advised the court, "I do not dispute the factual issues in the matter except I would like to point out that [Mother and Father] agreed that they wanted to dissolve the marriage. They filed the verified waiver of hearing and they both signed the Decree of

4

Dissolution of Marriage and that decision was made by them to dissolve their marriage prior to the birth of the child." (Tr. 16.)

Additionally, the dissolution court was entitled to rely upon the presumption that a child conceived during a marriage is a child of the marriage. Indiana Code Section 31-14-7-1(1) provides:

> A man is presumed to be a child's biological father if:
>     (1) the
>         (A) man and the child's biological mother are or have been married
>          to each other; and
>         (B) child is born during the marriage or not later than three hundred
>         (300) days after the marriage is terminated by death, annulment, or
>         dissolution.

"The law indulges every presumption and charity in favor of the legitimacy of children[.]" Buchanan v. Buchanan, 256 Ind. 119, 123, 267 N.E.2d 155, 157 (1971). Although the "better practice" is not to grant a dissolution decree while a wife is pregnant, an unusual procedural sequence does not overcome the presumption of legitimacy, in which the child has an interest. L.F.R. v. R.A.R., 269 Ind. 97, 100, 378 N.E.2d 855, 857 (1978). Father should not be compelled to initiate paternity proceedings, as if the child were an out-of-wedlock child. Although the child was not born during the marriage, the child is – according to the parties' affirmative representations to the court and statutory presumption – a child of the marriage.

As such, the dissolution court's decision to modify the decree was not against the logic and effect of the facts and circumstances before it. No injustice resulted from the grant of relief. Mother has demonstrated no abuse of discretion.

5

Affirmed.

BAKER, J., and DARDEN, J., concur.