**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 13 2012, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**JARED MICHEL THOMAS**
Evansville, Indiana

ATTORNEY FOR APPELLEE:

**JAMES G. MCDONALD**
Princeton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KERRY WAGNER and WAGNER TRUCKING, INC., | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 26A05-1206-CC-333 |
| | ) | |
| RUGGED ENTERPRISES, LLC, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE GIBSON CIRCUIT COURT
The Honorable Jeffrey Meade, Judge
Cause No. 26C01-0905-CC-101

**December 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Kerry Wagner appeals the denial of his motion for relief from default judgment rendered in favor of Rugged Enterprises, LLC (Rugged) in Rugged's action against Wagner and Wagner Trucking, Inc. for repayment of money mistakenly paid to Wagner Trucking by Rugged and which thereafter Wagner Trucking refused to refund to Rugged. Wagner presents the following restated issue for review: Did the trial court err in denying his motion for relief from judgment without first conducting a hearing?

We affirm.

The facts are that Rugged is an Oregon business and Wagner Trucking is an Indiana corporation. On December 30, 2008, Rugged incorrectly sent a check payable to Wagner Trucking in the amount of $10,000.00. Wagner deposited the check into a checking account on January 8, 2009, although he knew Rugged did not owe Wagner Trucking any money for goods or services. After discovering the error, Rugged asked Wagner to reimburse Rugged. Although acknowledging receipt of the wrongful payment, Wagner and Wagner Trucking refused to refund the money. On May 27, 2009, Rugged filed the present action against Wagner Trucking and Wagner individually in Gibson Circuit Court, seeking repayment of the $10,000, plus costs and interest. Both defendants were served with the complaint but failed to appear in the matter or file an answer. The trial court granted Rugged's motion for default judgment on July 21, 2009.

On August 4, 2010, Wagner Trucking filed for protection under Chapter 7 of the

United States Bankruptcy Code. On May 11, 2012,[1] Wagner filed a Trial Rule 60(B)(8)

motion for relief from judgment and requested a hearing on the motion. The trial court set a

tentative hearing date for June 27. The court indicated it would allow Rugged to respond to

Wagner's motion, and that the "hearing possibly could be vacated", depending upon

Rugged's response. *Appellant's Appendix* at 130. On June 1, 2012, Rugged filed an

objection to Wagner's motion for relief from judgment. On June 8, 2012, the trial court

denied Wagner's motion without a hearing.

Wagner contends the trial court erred in denying his motion for relief from judgment

without conducting a hearing. We review a ruling upon a T.R. 60(B) motion for relief from

judgment for an abuse of discretion. *In re Marriage of K.Z. & M.H.*, 961 N.E.2d 1023 (Ind.

Ct. App. 2012). An abuse of discretion occurs where the trial court's decision is clearly

against the logic and effect of the facts and circumstances before it or is contrary to law. *Id*.

T.R. 60(B) states, in relevant part:

On motion and upon such terms as are just the court may relieve a party or his
legal representative from a judgment, including a judgment by default, for the
following reasons:

(1) mistake, surprise, or excusable neglect;

\* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment,
other than those reasons set forth in sub-paragraphs (1), (2), (3), and
(4).

---

[1] By this time, Wagner had paid "the majority" of Rugged's judgment against them. *Appellant's Appendix* at
49.

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. …

T.R. 60(B) prescribes two separate limitation periods governing motions filed under its auspices. Relief sought under T.R. 60(B)(1)-(4) must be filed "not more than one year after the judgment, order or proceeding was entered or taken." *Id*. On the other hand, petitions for relief under T.R. 60(B)(5)-(8) "shall be filed within a reasonable time[.]" *Id*. Therefore, we must examine the basis for Wagner's request for relief in order to determine the applicable limitations period.

In the motion for relief from judgment, Wagner, individually, asked the court to set aside the default judgment on grounds that he should not be held liable individually for the corporate debt of Wagner Trucking. Wagner's motion was ostensibly premised upon subsection (8), T.R. 60(B)'s catch-all provision. In relevant part, Wagner set out the grounds for relief as follows:

Plaintiff's original complaint against Defendants Wagner Trucking, Inc. and WAGNER specifically stated that the check at issue in this case was addressed to Wagner Trucking, Inc. An individual cannot be held liable for the debts of a business except under specific circumstances under which the Plaintiff can pierce the corporate veil. Plaintiff did not specifically allege any circumstances under which the corporate veil of Wagner Trucking, Inc. should be pierced to hold WAGNER individually liable for the debts of the business.

WAGNER did not appear for Plaintiff's original complaint in his [sic] Court because Wagner Trucking Inc. had filed for bankruptcy. It was WAGNER's belief that there was enough collateral to satisfy the debts of the creditors of Defendant Wagner Trucking Inc. in his Chapter 7 bankruptcy action. Because

4

of his belief that all claims by creditors of the business would be handled during the bankruptcy proceeding, WAGNER did not appear nor respond during the filing of Plaintiff's original complaint nor their [sic] petition for default judgment.

WAGNER cannot be held liable for the debts of Wagner Trucking Inc., except under specific circumstances under the laws of the State of Indiana. The default judgment of this Court in favor of the Plaintiff against Wagner Trucking Inc. and WAGNER was improper as Plaintiff has not shown good cause to pierce the corporate veil to hold WAGNER individually liable for the debts of Wagner Trucking Inc. WAGNER being held indivduals [sic] liable for the debts of a business under a default judgment is an extraordinary circumstance under which this Court can relieve WAGNER under Indiana Rule of Trial Procedure 60(B)(8).

*Appellant's Appendix* at 40.

Wagner claims his motion is premised upon the "extraordinary circumstance" that the default judgment rendered him personally liable when the complaint for damages did not allege facts that would support "piercing Wagner Trucking's corporate veil", thus bringing it under the catch-all provision, subsection (8), and its "reasonable time" limitations. We conclude, however, that this is not the fundamental reason behind Wagner's failure to answer Rugged's complaint in a timely fashion or oppose its motion for default judgment.

As stated in his T.R. 60(B) motion, Wagner was aware of, but did not respond to, Rugged's lawsuit because he thought its claim against him and Wagner Trucking, like all other claims of Wagner Trucking's creditors, "would be handled during the bankruptcy proceeding." *Id.* It turned out that this belief was mistaken. This is a classic allegation for relief under T.R. 60(B)(1) for "mistake, surprise or excusable neglect", notwithstanding that Wagner sought to invoke T.R. 60(B)(8) and its more generous limitations. Relief from

5

judgment is not available under the catch-all provision of T.R. 60(B) if the grounds for relief properly belong in another of the rule's enumerated provisions. *Weppler v. Stansbury*, 694 N.E.2d 1173 (Ind. Ct. App. 1998).

Because it falls under subsection (1), Wagner's motion is governed by a one-year limitation. Wagner's motion to set aside was filed more than thirty-three months after the default judgment was entered, well outside that timeframe. Moreover, because the grounds for ruling upon the motion were apparent on the record before it, including the Chronological Case Summary and the face of the T.R. 60(B) motion, the "pertinent evidence" needed no further development, *see* T.R. 60(D), and the trial court did not err in ruling upon Wagner's motion without conducting a hearing pursuant to T.R. 60(D).

Judgment affirmed.

NAJAM, J., and BRADFORD, J., concur.