**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**S. ADAM LONG**
**LONG & MATHIES LAW FIRM**
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GLENN A. GRAMPP**
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE MARRIAGE OF:

EARIKA FUSSNER          )
         )
    Appellant,       )
         )
    vs.        )    No. 87A01-1306-DR-261
         )
CLINT FUSSNER,      )
         )
    Appellee.       )

APPEAL FROM THE WARRICK SUPERIOR COURT NO. 1
The Honorable Keith A. Meier, Judge
Cause No. 87D01-1004-DR-169

**February 18, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

The marriage of Earika Fussner ("Wife") and Clint Fussner ("Husband") was dissolved in Warrick Superior Court. Wife now appeals, arguing that the trial court erred in denying her motion for clarification of the decree of dissolution and granting Husband's motion to dismiss.

We affirm.

**Facts and Procedural History**

Husband and Wife married on June 9, 1984, and separated on April 8, 2010. On June 18, 2010, Husband and Wife, who were both self-represented at the time, submitted to the trial court a decree of dissolution of marriage and settlement agreement. Husband and Wife had completed the decree and agreement together using a form approved by the Division of State Court Administration. The decree was signed by both parties in the presence of a notary public. The decree provided, among other things, that "the parties already have divided all items of property." Appellant's App. pp. 52-53. The trial court approved the decree of dissolution and settlement agreement on the same day it was submitted, June 18, 2010.

Husband retired sixteen months later, in October 2011, and began to draw his pension. On December 20, 2011, a year and a half after the trial court approved the decree of dissolution submitted by the parties, Wife filed an amended motion for clarification of the decree. In her motion, Wife argued that "information related to [Husband's pension was] inadvertently left out of the Decree and the Decree should be clarified and interpreted by this Court." Appellant's App. p. 13. With her motion, Wife submitted two exhibits: a series of email communications between Husband and the

2

pension administrator for Husband's employer regarding the divorce and calculation of Husband's pension, and a handwritten, two-page list of assets which Wife argued "shows the [parties'] intent as to how their property and assets were to be divided." Id. at 12. The latter exhibit, according to Wife, was executed prior to the execution of the decree of dissolution. The list placed in Wife's column "1/2 retirement" and "1/2 s & p stocks" and appeared to be signed by Husband. Id. at 23.

On February 10, 2012, Husband filed a motion to dismiss Wife's motion for clarification, arguing that "there is no issue before this court that there is any confusion" and that "the Judgment of Dissolution of Marriage and the Qualified Domestic Relations Order are clear on their face and there is no allegation of fraud, mistake, duress or any other contention that would justify a Request for Clarification." Id. at 26. Husband further asserted, "essentially the respondent's Motion for Clarification is in the form of [an untimely] Request for Relief from a Judgment or Court Order." Id.

On January 2, 2013, the trial court held a hearing on Wife's motion for clarification and Husband's motion to dismiss. At the hearing, Husband denied signing the two-page handwritten document submitted by Wife. He testified that the document was not an agreement between himself and Wife, but, rather, it was "a wish list." Tr. p. 89. He testified about the document, "[t]his is just what she wrote down and I didn't agree to any of it." Id.

On May 13, 2013, the trial court issued an order denying Wife's motion for clarification and granting Husband's motion to dismiss. In its order, the trial court stated, in relevant part:

3

3. The court found no ambiguity in the parties' Decree of Dissolution of Marriage and Settlement Agreement. It provided "The parties already have divided all items of property." The parties waived final hearing and submitted the agreed Decree, which the Court approved. The agreed Decree neither referenced nor contained the Exhibit A[1] which is in controversy here. There was no evidentiary final hearing which would support a conclusion that the Court may have misunderstood or misinterpreted the parties' intent or the evidence. The agreed Decree was presented to the Court by the parties and contained the language they chose. There was no expression therein of the parties' intent, other than in the plain wording of the Decree. As a result, there is nothing for the Court to clarify in the Decree. The intention of the Court with respect to the Decree at the time it was approved was to approve the parties' agreement, which it did, and without any evidence of the parties' assets or debts, relying solely upon the statements in the agreed Decree.

4. There was also a dispute as to the purpose of Exhibit A, the former husband contending it was merely the wife's wish list and the former wife contending it was the parties' agreement. There was no evidence explaining why it was not attached to the agreed Decree if, in fact, it was a settlement agreement and was to be incorporated into the Decree.

5. The relief sought by the former wife, regardless of how framed, is to set aside or modify the Decree. Property settlements are not subject to modification. She seeks to make a substantial change thereto which would change the property division terms of the Decree.

Appellant's App. p. 11. Wife now appeals.

**Discussion and Decision**

We begin by observing that parties who proceed *pro se* are held to the same standards as are licensed legal counsel and, therefore, must be prepared to accept the consequences of their actions. Ramsey v. Review Bd. of Indiana Dep't of Workforce Dev., 789 N.E.2d 486, 487 (Ind. Ct. App. 2003). One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney

---

[1] "Exhibit A" refers to the two page, handwritten document submitted by Wife with her motion for clarification.

would know how to accomplish. Foley v. Mannor, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006). Indeed, this case presents a meaningful reminder of the dangers of self-representation.

Wife claims that the trial court erred in denying her motion to clarify and granting Husband's motion to dismiss. In dissolution proceedings, parties are free to enter into settlement agreements and such agreements are contractual in nature and binding. Niccum v. Niccum, 734 N.E.2d 637, 639 (Ind. Ct. App. 2000). Importantly for this case, while a dissolution court may retain jurisdiction to reexamine a property settlement in order to clarify its order, "strong policy favors the finality of marital property divisions, whether the court approves the terms of a settlement agreement reached by the parties or the court mandates the division of property among the parties." Shepherd v. Tackett, 954 N.E.2d 477, 480 (Ind. Ct. App. 2011); see also Fackler v. Powell, 839 N.E.2d 165, 167 (Ind. 2005); Ind. Code § 31-15-2-17 ("The disposition of property settled by an agreement [between the parties] and incorporated and merged into the decree is not subject to subsequent modification by the court, except as the agreement prescribes or the parties subsequently consent."); Ind. Code § 31-15-7-9.1 ("The orders concerning property disposition entered under this chapter (or IC 31-1-11.5-9 before its repeal) may not be revoked or modified, except in case of fraud."). Thus, while a trial court may correct its own judgment to reflect the court's true intention at the time the judgment was entered, "an order is not merely a clarification where it makes substantial changes in the original decree." Shepherd, 954 N.E.2d at 482.

Wife argues that her motion for clarification was not a request for relief from the decree, as Husband argues and the trial court concluded, but, instead, merely presented the following question: "is her former husband's pension an asset of the marriage to be divided equally between the parties as they agreed and as both parties testified?" Appellant's Br. at 16. She asserts that the decree "does not contain a complete or accurate statement with regard to the division of marital property" and that the terms of the decree "are not only ambiguous, they are entirely missing from the document." Id. at 8-9. She further argues that "the intent of the parties should be determined by parole and/o [sic] extrinsic evidence." Id.

We disagree. Contrary to Wife's claim, here, the terms of the decree were unambiguous. See Overholtzer v. Overholtzer, 884 N.E.2d 358, 361 (Ind. Ct. App. 2008) ("The terms of a contract are not ambiguous merely because controversy exists between the parties concerning the proper interpretation of terms. Where the terms of a contract are clear and unambiguous, the terms are conclusive and we will not construe the contract or look at extrinsic evidence, but will merely apply the contractual provisions.").

The decree itself provided that "[t]he parties already have divided their debts" and, very importantly, makes no mention of Husband's pension, the two-page handwritten document Wife submitted with her motion for clarification or any other exhibit that would have aided the court and the parties by more particularly describing the property division agreed upon by the parties. Appellant's App. p. 52. In addition, the parties did not present to the trial court any testimony or evidence of their intent other than the plain

6

language contained in the decree. Therefore, there was no ambiguity for the trial court to clarify.

Wife's motion, while framed as a request for clarification, was actually a request to modify the terms of the decree. Absent a showing of fraud, the trial court did not err when it denied Wife's motion for clarification and granted Husband's motion to dismiss. See Joachim v. Joachim, 450 N.E.2d 121, 122 (Ind. Ct. App. 1983) (holding that the trial court's "clarification" order which effectively shifted liability for tax, insurance, and mortgage payments from Husband to Wife, was an impermissible alteration of an unambiguous provision of the original decree.); Evans v. Evans, 946 N.E.2d 1200 (Ind. Ct. App. 2011) (concluding that the trial court's order implementing an alternate property distribution plan was a clarification, not an alteration, where original plan was legally impossible to implement).

**Conclusion**

For all of these reasons, we conclude that the trial court did not abuse its discretion when it denied Wife's motion for clarification and granted Husband's motion to dismiss.

Affirmed.

BRADFORD, J., and PYLE, J., concur.