**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT, PRO SE:

**ERIC D. SMITH**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana
Indianapolis, Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-IF-310 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James A. Joven, Judge
Cause No. 49F13-0005-IF-74014

**October 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, Eric D. Smith ("Smith"), appeals the trial court's denial of his Indiana Trial Rule 60(B) motion for relief from judgment, in which he argued that he should be relieved from a 2000 judgment for speeding because he was neither the person caught speeding nor the person who admitted to the offense. We conclude that the trial court did not abuse its discretion in denying Smith's motion because Smith did not present a meritorious defense.

We affirm.

## ISSUE

Whether the trial court abused its discretion in denying Smith's motion for relief from judgment.

## FACTS

On May 5, 2000, the State filed a Uniform Traffic Ticket alleging that Smith had been speeding. The trial court held a hearing on July 28, 2000, and Smith appeared in person and admitted to the allegation. The trial court found Smith liable for the ticket and ordered him to pay $125 for the judgment and court costs within thirty days. It also provided that Smith's license be suspended if he did not satisfy the judgment as ordered. Smith did not pay the judgment, and his license was suspended on September 4, 2000.

On May 1, 2006, the trial court sent the judgment to a collection agency. After a hearing on January 11, 2010, the trial court sent a letter to Smith for the payment of the fines and costs. (App. 5). The court then sent a second letter on January 29, 2014.

2

On February 21, 2014, almost fourteen years after the judgment, Smith filed a motion for relief from judgment under Trial Rule 60(B)(8). He claimed that he had just learned of the adjudication against him by contacting the trial court about traffic violations. He requested relief from the judgment, arguing that "somebody had stolen [his] driver's license and car[] and had to have impersonated [him]," because he had not been the person who admitted to the speeding. (App. 9). Instead, Smith claimed that he was serving the United States Army in South Korea on the days of the May 5, 2000 alleged speeding and the July 28, 2000 court hearing.

On February 25, 2014, the trial court ordered Smith to file documentation supporting his claims. Smith submitted his military records, as well as certificates certifying his completion of certain military courses, but none of these documents indicated that Smith was in South Korea in May or July of 2000. On March 27, 2014, the trial court denied Smith's motion for relief. Smith now appeals.

## DECISION

Smith argues that the trial court abused its discretion when it denied his motion for relief from judgment because he provided sufficient evidence demonstrating that he could not have been present in the United States to either receive a speeding ticket in May 2000 or admit to the allegation of speeding in July of 2000 because he was stationed in South Korea with the military. He also argues that the trial court's decision improperly conflicts with the Noblesville City Court's decision in another traffic case that also occurred while he was on military duty.

3

Under Trial Rule 60(B)(8), a trial court may relieve a party from a judgment for "any reason justifying relief from the operation of the judgment," other than reasons specified in Trial Rule 60(B) subparagraphs (1)-(4), which do not apply here. T.R. 60(B)(8). A motion under Trial Rule 60(B)(8) must affirmatively demonstrate "exceptional circumstances justifying extraordinary relief," and the movant must show a "meritorious claim or defense." T.R. 60(B); *Wagler v. West Boggs Sewer Dist., Inc.,* 980 N.E.2d 363, 372 (Ind. Ct. App. 2012), *trans. denied*, *cert. denied*. A meritorious defense is one showing that if the case had been tried on the merits, a different result would have occurred. *Parham v. Parham*, 855 N.E.2d 722, 729 (Ind. Ct. App. 2006), *trans. denied*. The movant also has the burden of demonstrating that relief is justified. *Wagler*, 980 N.E.2d at 372. A trial court's grant or denial of a motion premised on Trial Rule 60(B)(8) is reviewable only for an abuse of discretion. *Levin v. Levin*, 645 N.E.2d 601, 604 (Ind. 1994). We will reverse only when the trial court's judgment is clearly against the logic and effect of the facts and circumstances before the court. *Ford Motor Co. v. Ammerman*, 705 N.E.2d 539, 558 (Ind. Ct. App. 1999), *trans. denied*, *cert. denied.*

As a preliminary matter, the State argues that Smith did not timely file his motion. A motion under Trial Rule 60(B)(8) must be filed "within a reasonable time." T.R. 60(B). Determining whether a length of time is reasonable depends on the circumstances of each case, as well as the potential prejudice to the party opposing the motion and the basis for the moving party's delay. *Parham*, 855 N.E.2d at 728. Smith argues that his fourteen-year delay in challenging his judgment was because he only "just learned about the case by contacting the court for traffic violations." (Smith's Br. 4). However, he did

not provide any evidence of contacting the traffic court. Instead, the CCS shows that the trial court sent Smith letters concerning his outstanding judgment on January 11, 2010 and January 29, 2014 and did not receive a response.

Notwithstanding the timeliness of Smith's motion, Smith did not fulfill his burden of demonstrating that relief was justified. He produced his military records, which provide that he was deployed to Yongsan, South Korea on February 12, 1999 and that he was stationed at Fort McCoy in Wisconsin beginning December 10, 2000. However, this record does not indicate where he was in May of 2000 or July of 2000. Smith also produced a certificate he earned for completing a U.S. Army Combat Lifesaver Course at Fort McCoy in June of 2000. As a result, it seems clear that Smith returned to the United States for at least a portion of the year 2000. Absent any further evidence, there is nothing in the record other than Smith's self-serving arguments to support his claim that he was not the person who was caught speeding and who appeared in court to admit to the infraction. Accordingly, because Smith did not present a meritorious defense, we conclude that the trial court did not abuse its discretion in denying Smith's motion for relief.

We also do not find any merit in Smith's argument that, because the Noblesville City Court granted him relief in a case involving similar issues, the trial court here was required to do the same. The decision of one trial court is not binding on another trial court. *Ind. Dep't of Natural Resources v. United Minerals, Inc.*, 686 N.E.2d 851, 857 (Ind. Ct. App. 1997), *reh'g denied*, *trans. denied.* Moreover, the facts of the instant case are not comparable to that of the Noblesville case. Smith did not provide any of the

5

underlying facts of the Noblesville case, or even the date of the infraction at issue there. In the Noblesville court's order granting relief from the judgment, the court stated that it had verified that Smith was incarcerated on September 26, 2001, which was presumably the date of the infraction.[1] Based on this verification, the Noblesville court granted relief. Unlike the Noblesville court, the trial court here was not able to verify Smith's whereabouts on the date of Smith's speeding infraction. That difference justifies the dissimilar outcomes in the two cases. In addition, the Noblesville court's verification that Smith was incarcerated on September 26, 2001 is not relevant here as that date is over a year after the adjudication at issue in this case. Accordingly, we do not find the Noblesville case relevant here, and the trial court was not required to grant relief based upon that court's decision.[2]

Affirmed.

NAJAM, J., and BAILEY, J., concur.

---

[1] Records reveal that Smith was sentenced to a twenty year executed term of imprisonment for arson on September 26, 2001 in an unrelated criminal case (Cause No. 49G02-0103-CF-051465).

[2] In addition, Smith argues that the trial court erred because it did not conduct a hearing to determine if he was indigent before imposing court costs. We will not address this argument as Smith is raising it for the first time on appeal. *See Jones v. State*, 957 N.E.2d 1033, 1042 (Ind. Ct. App. 2011) (noting that arguments raised for the first time on appeal are waived). Also, Smith's adjudication was civil in nature, and a trial court is not required to conduct an indigency hearing where there is no chance that a party will be imprisoned for non-payment." *See Ladd v. State*, 710 N.E.2d 188, 192 (Ind. Ct. App. 1999) (holding that when restitution is ordered as part of an executed sentence, an indigency hearing is not required because the restitution is merely a money judgment and the defendant cannot be imprisoned for non-payment).