JANICE LANKENAU *v.* ARNOLD C. LANKENAU

[No. 2-1075A301. Filed August 9, 1977.]

*Arden W. Zobrosky,* of Marion, for appellant.

*Robert W. Schatz,* of Marion, for appellee.

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

Respondent-appellant, Janice Lankenau (Janice), perfects this appeal from the overruling of her Motion to Correct Errors after the trial court corrected its judgment pursuant to motion[1] made by petitioner-appellee, Arnold C. Lankenau (Arnold).

The facts necessary for our disposition of this appeal are as follows: On November 1, 1974, the trial court ordered the mar-

---

1. Ind. Rules of Procedure, Trial Rule 60.

riage of Janice and Arnold dissolved, and provided in further pertinent part of its Decree as follows:

"* * *

10. The Respondent shall have and recover from the Petitioner the sum of $36,400.00, which sum shall be payable to the Clerk of the Court, for the use of Respondent, in 520 weekly installments of $70.00 each, said payments to commence on the 8th day of November, 1974, and each succeeding week thereafter until paid in full.

* * *"

On March 13, 1975, Arnold filed a motion with the trial court seeking to have paragraph #10 of the Dissolution Decree corrected. Arnold's motion provided in pertinent part as follows:

### "MOTION TO CORRECT JUDGMENT

Comes now petitioner, . . . , and pursuant to Trial Rule 60. . . shows the court as follows, to-wit:

1. That on the 1st day of November, 1974, this court entered a judgment in the above-entitled ca[u]se of action providing in part that respondent recover from petitioner the sum of $36,400.00 which sum shall be payable to the clerk of this court in 520 weekly installments of $70.00 each.

2. That said judgment contained an error in that it was intended by the court to allow petitioner to have said weekly installments qualify as deductions for income tax purposes and in order to do so said order should provide that respondent recover from petitioner the sum of $36,400.00 which sum shall be payable to the clerk of this court in 521 weekly installments.

WHEREFORE, petitioner respectfully requests the court to amend and correct the judgment as set forth above, nunc pro tunc.

* * *"

The trial court heard oral argument on the motion, took its ruling under advisement, and on May 29, 1975 entered an order correcting its original judgment, which omitting formal parts, provided as follows:

"\* \* \*

1. That an error exists in the judgment heretofore entered by the Court, in that the Court in entering its judgment for the payment of alimony as set forth at No. 10 of said judgment, predicated such recovery and the payment schedule therein provided upon the Petitioner's utilization of such payments as a tax deduction pursuant to the United States Federal Revenue Code.

2. That failing therein, the matters of child support and property division provided by said judgment would be substantially affected, and that the judgment would not constitute the purposes or intention of the Court.

3. That Petitioner's motion to correct judgment should be sustained, and the judgment as originally entered, should be modified to accurately reflect the intention of the Court in this matter.

IT IS, THEREFORE, ORDERED, that the judgment as originally entered be, and the same is hereby modified, nunc pro tunc, as of the date of original entry, to provide as follows:

10. The Respondent shall have and recover from the Petitioner, the sum of $36,470.00, which sum shall be payable to the Clerk of this Court for the use of the Respondent in five hundred twenty-one (521) weekly installments of $70.00 each, said payments to commence on the 8th day of November, 1974, and on each succeeding week thereafter, until paid in full.

\* \* \*"

ISSUE

1. Whether the order of the trial court, entered May 29, 1975, correcting its Final Dissolution Decree of November 1, 1974, was contrary to law.

TR. 60(B)(1) provides:

"(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:

(1) mistake, suprise, or excusable neglect;

\* \* \*"

A motion under TR. 60(B) is addressed to the equitable discretion of the trial court. *Soft Water Utilities, Inc. v. LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745.

It appears clear to this court that a trial court does not abuse its discretion when it corrects a judgment to make that judgment conform to the intent of the trial court in entering the judgment in first instance. It is the opinion of this court that the action taken by the trial court would be a clear example of the relief from the operation of a judgment to which TR. 60(B)(1), i.e., "mistake," is directed.

That the trial court intended Arnold to receive a tax deduction for the payments he made Janice clearly appears from the face of its order which provided inter-alia:

"* * *

1. That an error exists in the judgment heretofore entered by the Court, in that the Court in entering its judgment for the payment of alimony as set forth at No. 10 of said judgment, predicated such recovery and the payment schedule therein provided upon the Petitioner's utilization of such payments as a tax deduction pursuant to the United States Federal Revenue Code.

* * *

3. *That Petitioner's motion to correct judgment should be sustained, and the judgment as originally entered, should be modified to accurately reflect the intention of the Court in this matter.*

* * *" (Our emphasis)

Janice brings to the attention of this court IC 1971, 31-1-11.5-17(a) which provides as follows:

"Modification and termination of maintenance, support and property dispositions. — (a) Provisions of an order with respect to child support may be modified or revoked. Such modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. *The orders as to property disposition entered pursuant to section 9 [31-1-11.5-9] may not be revoked or modified,* except in case of fraud which ground shall be asserted within two [2]

years of said order. Terms of the decree may be enforced by all remedies available for enforcement of a judgment including but not limited to contempt or an assignment of wages or salary, except as otherwise provided in this chapter [31-1-11.5-1 — 31-1-11.5-24]." (Our emphasis)

The purpose of this language is to promote the salutary purpose of eliminating vexatious litigation which often accompanies the dissolution of a marriage. However, we do not construe this section as imposing any obstacle on a court from correcting its judgment to reflect the true intention of the court at the time the judgment was entered.

Having examined the record and having discovered no error, it is the opinion of this court that the trial court's action in amending its Dissolution Decree was correct.

Judgment affirmed.

Robertson, C.J. and Garrard, J., by designation, concur.

NOTE — Reported at 365 N.E.2d 1241.