Patricia A. FLYNN, Appellant
(Petitioner Below),

v.

Eldon F. BARKER, Appellee
(Respondent Below).

No. PS478.

Court of Appeals of Indiana,
Third District.

June 27, 1983.
Rehearing Denied Aug. 10, 1983.

Patricia A. Flynn, pro se.

Robert E. Kabisch, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellee.

HOFFMAN, Presiding Judge.

On February 23, 1979, the court dissolved the marriage of Patricia Flynn and Eldon Barker. The dissolution decree ordered that Barker should pay the sum of $200 per month as support for their minor child. The support was to be paid to the clerk of the court along with an annual fee. The decree also declared Barker the owner of his U.S. Social Security rights and military pension rights from Canada.

No payments were made by Barker to the clerk of the court. However, the parties did stipulate that more than $200 per month was received by the minor child in the form of social security and military pension funds due to Barker's disability. Flynn brought an action seeking support arrearages. The court ruled in favor of Barker and this appeal results.

Flynn raises the following two interrelated issues on appeal:

(1) Did the trial court err in construing the dissolution decree in such a manner that the disability income pay-

ments received by the minor child were credited to Barker as satisfying his support obligation? and

(2) Did the trial court's construction of the dissolution decree in such a manner amount to a retroactive modification of the support order?

■ A judgment entered by a trial court shall be upheld if sustainable on any theory. *Creech v. LaPorte Production Credit Ass'n* (1981), Ind.App., 419 N.E.2d 1008; *Van Orman v. State* (1981), Ind.App., 416 N.E.2d 1301. A trial court may "correct a judgment to make that judgment conform to the intent of the trial court in entering the judgment in [sic] first instance." *Lankenau v. Lankenau* (1977), 174 Ind.App. 45, at 48, 365 N.E.2d 1241, at 1243. In *Lankenau* the trial court was concerned with correcting a mistake in its prior judgment. The rationale of *Lankenau* applies with equal force in the case at bar, where the trial court attempted to interpret ambiguous language within its prior judgment. It is imperative that a trial court clear up an ambiguity in the language of its judgment so that the parties may conform their conduct to that intended by the trial court.

■ A judgment is construed in the same manner as a contract would be. The language of a judgment is ambiguous where it would lead two reasonable men to different conclusions as to its effect and meaning. *Ethyl Corp. v. Forcum-Lannom Associates* (1982), Ind.App., 433 N.E.2d 1214; *Indiana Industries, Inc. v. Wedge Products* (1982), Ind.App., 430 N.E.2d 419. When construing the language of a judgment the Court will attempt to read the provisions of the judgment so as to render all of them effective and not mere suplusage. *Evansville-Vanderburgh Sch. Corp. v. Moll et al.* (1976), 264 Ind. 356, 344 N.E.2d 831; *Woodruff v. Wilson Oil Co.* (1978), 178 Ind.App. 428, 382 N.E.2d 1009.

The language at issue in the case at bar is quoted herein:

"3. That Respondent be and hereby is ordered to pay to the Clerk of this Court for the maintenance and support of said child the sum of $200.00 per month, com-

mencing forthwith, said sums to be paid by the Clerk to the Petitioner herein. Respondent is further ordered to pay to the Clerk of this Court the annual support service fee.

\*   \*   \*   \*   \*   \*

"11. That the Respondent be and hereby is declared the owner of his U.S. Social Security Rights and any rights from Canada."

*Record* at 6–7.

■ The trial court presumably interpreted provision No. 11 as referring to the United States social security and Canadian benefits paid to respondent's son by reason of his disability. Any other interpretation would render the provision meaningless, a construction we will not apply. Appellant urges us to conclude that provision referred to respondent's personal United States social security and Canadian benefits. Such a construction would render provision No. 11 redundant as he already owns those individual benefits and neither the wife nor son would have any claim to them through the dissolution proceedings. By treating respondent as owner of the benefits paid to his son, the receipt of those payments would satisfy the support requirement as they exceeded $200 as ordered. Provision No. 3 could be read so as to require respondent to pay $200 to the clerk in the situation where the benefits to the son are terminated as they would be if respondent returned to work and was no longer eligible for those benefits. Such an interpretation gives effect to both provisions.

■ In any event the trial court interpreted the ambiguous language of its judgment. The interpretation given that language by the trial court is supported by the facts and legal theory. Our duty as an appellate court is to uphold the trial court's decision when it is sustainable, as it is in this case. For the reasons stated above the trial court's judgment is affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I must dissent. The majority imagines an ambiguity where none exists. Ambiguity of language is not established by the mere fact that parties assert different interpretations of that language. *Ethyl Corp. v. Forcum-Lannom Associates* (1982), Ind.App., 433 N.E.2d 1214, 1218.

Provision 3 of the dissolution decree provides:

"3. That Respondent be and hereby is ordered to pay to the Clerk of this Court for the maintenance and support of said child the sum of $200.00 per month, commencing forthwith, said sums to be paid by the Clerk to the Petitioner herein. Respondent is further ordered to pay to the Clerk of this Court the annual support service fee."

How could any reasonable mind find this order ambiguous? Simple and straightforward, provision 3 ordered Barker to pay $200.00 per month to the court clerk. It is undisputed that Barker made no payments to the clerk. Thus, Flynn had established a prima facie case of support arrearage. *Castro v. Castro* (1982), Ind.App., 436 N.E.2d 366, 367.

The question is whether Barker can receive credit for the more than $200.00 per month in social security and military pension funds received by the minor child. *See Castro, supra; accord, Payson v. Payson* (1982), Ind.App., 442 N.E.2d 1123; *contra, Breedlove v. Breedlove* (1981), Ind.App., 421 N.E.2d 739. To receive credit, it was incumbent on Barker to present evidence that the benefits were received in discharge of the support obligation. However, Barker presented no evidence from which the trial court could have found that Flynn received the benefits because the dissolution decree ordered Barker to pay support. In other words, there was no indication that Flynn would not have received the benefits had the dissolution decree not ordered support payments. Because there was no evidence that Flynn received the benefits in discharge of the support obligation, Barker can not receive credit for them.

The majority allows the trial court to retroactively modify the support order to exclude the ordered payments. It is well settled that a trial court may not retroactively modify a support order. *E.g., Jahn v. Jahn* (1979), 179 Ind.App. 368, 385 N.E.2d 488, 490. However, Barker contended that the trial court was merely "interpreting" the support order which Barker asserts is similar to the trial court's action in *Lankenau v. Lankenau* (1977), 174 Ind.App. 45, 365 N.E.2d 1241.

In *Lankenau,* the trial court corrected its judgment to allow the petitioner in a marriage dissolution to receive a tax deduction for the payments he had made to the respondent. It was apparent from the record that the trial court had intended the petitioner to receive the tax deduction. As was stated in *Lankenau:*

"It appears clear to this court that a trial court does not abuse its discretion when it corrects a judgment to make that judgment conform to the intent of the trial court in entering the judgment in first instance. It is the opinion of this court "that the action taken by the trial court would be a clear example of the relief from the operation of a judgment to which TR 60(B)(1), i.e., '*mistake,*' is directed." (Emphasis added.)

*Id.,* Ind.App. at 48, N.E.2d at 1243.

In no way does the holding in *Lankenau* apply to the present case. Here, the trial court was not correcting a "mistake" in its original order. The record is barren of any indication that the trial court originally had intended to order Barker to pay support only if Flynn did not receive at least $200.00 per month from another source.

The majority erroneously believes such an indication can be transmogrified from provision 11. That provision provides:

"11. That the Respondent be and hereby is declared the owner of his U.S. Social Security Rights and any rights from Canada."

Instead of giving provision 11 its plain meaning, the majority believes this provision "presumably" refers to benefits paid to

Barker's minor child; not to Barker's personal benefits. The majority believes any other interpretation would render provision 11 meaningless because, the majority opines, without benefit of authority, Barker already owns his personal benefits and neither Flynn nor their minor child would have any claim to them through the dissolution proceedings. The clamoring fallacy in this logic is that while neither Flynn nor the minor child could have any claim in the dissolution proceeding to the benefits Barker already receives, Barker was mystically imbued with a claim to the benefits which the minor child already receives. Thus, on the one hand the majority asserts that the trial court had no power to award Barker's personal benefits to Flynn or their minor child, but on the other hand the majority asserts that the trial court did have the power to award the minor child's benefits to Barker.

This Court should not allow a trial court to retroactively modify a support order under the guise of "interpreting" it. In effect, the majority has rewritten the dissolution decree. Provisions 3 and 11 are not meaningless as they are written. Their meaning is plain.