James PATRICK, Appellant,
(Respondent Below),

v.

Brenda PATRICK (now Messer),
Appellee, (Petitioner Below).

No. 44A04–8702–CV–57.

Court of Appeals of Indiana,
First District*.

Jan. 18, 1988.

* This case was diverted from the Fourth District of this Court by Order of the Chief Judge.

David L. King, King & King, Kendall-ville, for appellant.

Richard K. Muntz, Muntz & Vanderbeck, LaGrange, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Respondent-appellant, James Patrick (James), appeals a series of trial court judgments that held he was in contempt of court and owed arrears in child support in the amount of $16,863.00. We affirm.

## STATEMENT OF FACTS

On November 27, 1979, a Decree of Dissolution was granted to James. At the time of the dissolution, James was disabled and receiving Social Security benefits. His two biological children, Stacy and Tammy, were also receiving benefits at that time. Pursuant to the divorce decree, Stacy and

Tammy continued to receive their Social Security benefit checks as child support.

In late 1979, James remarried. In July of 1980, he enrolled his new wife and two step-children as dependents on his Social Security Disability Pension. As a result, the dependent benefit for children was equally divided between the two step-children and Stacy and Tammy. In June of 1985, Tammy married and became emancipated. As a result of her emancipation, the Social Security benefits were divided equally among Stacy and the two step-children.

On April 3, 1984, James' first wife, Brenda Patrick (now Messer), filed a Verified Application for Rule to Show Cause. Pursuant to that petition and after a hearing, the trial court found James to be in contempt of court for failure to pay support as ordered. The trial court determined that the support arrearage by stipulation was $16,863.00.

On July 22, 1986, James filed his Petition to Modify in order to obtain the trial court's permission to add his step-children as dependents on his Social Security Disability Pension and to reduce the amount of support paid to his unemancipated natural child, Stacy. The trial court denied the motion.

James timely filed motions to correct errors on each of the judgments and each was denied by the trial court. The two subsequent appeals were consolidated into the appeal currently before this court.

## ISSUES

James raises several issues which may be restated as follows:

I. Did the trial court properly interpret the child support provisions in the dissolution decree as incorporating an escalation clause requiring James to pay all future increases in the Social Security dependent children's benefits to his natural children?

II. Did the trial court properly find James to be in contempt of court and in arrears on his child support payments for failing to pay the full Social Security

dependent children's benefit to his natural children?

III. Did the trial court err in denying James' petition to modify the support provisions in the Decree of Dissolution of Marriage?

## DISCUSSION AND DECISION

### ISSUE I. *Interpretation of Decree*

James first asserts that the trial court improperly interpreted the dissolution decree. Specifically, James contends that the decree required him to pay the set amount of $226.80 per month for child support. The trial court, however, construed the dissolution decree as requiring James to pay the full amount of Social Security benefits provided for the children, regardless of the amount, to his natural children each month. James argues that this construction is contrary to law because it obviates the need for a modification hearing as required by IND.CODE 31-1-11.5-17 and because it improperly creates an escalation clause where none was provided.

Judgments are to be construed in the same manner as contracts. *Flynn v. Barker* (1983), Ind.App., 450 N.E.2d 1008, 1009. If a judgment is ambiguous, the reviewing court must determine its meaning by examining the entire judgment. Particular words or paragraphs cannot be isolated from the judgment but must be considered as part of the whole. *In re Marriage of Buntin* (1986), Ind.App., 496 N.E.2d 1351, 1353. "[T]he Court will attempt to read the provisions of the judgment so as to render all of them effective and not merely surplusage." *Flynn, supra* at 1009. On appeal, we will sustain the trial court's interpretation if it is supported by the facts and law. *Id.*

IND.CODE 31-1-11.5-17 provides that a modification of child support "shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." However, Indiana courts have permitted the use of escalation clauses which provide for an increase in child support without a petition for modification. *See Herron v. Herron* (1983), Ind.App., 457 N.E.2d 564;

*Branstad v. Branstad* (1980), Ind.App., 400 N.E.2d 167. Several factors are considered in determining whether to approve an escalation provision including whether the provision "(1) gives due regard to the actual needs of the child, (2) uses readily obtainable objective information, (3) requires only a simple calculation, (4) results in judicial economy, (5) reduces expenses for attorney fees, and (6) in no way infringes upon the rights of either the custodial parent or the noncustodial parent to petition the court for modification of the decree due to a substantial and continuing change of circumstances." *Branstad, supra* at 171.

■ In the present case, the provisions providing for child support stated:

The Court further finds that respondent, James Patrick, is presently totally disabled and that he, his spouse, and his dependent children are entitled to receive benefits from the Social Security Administration, and that his dependent children presently receive the sum of $226.80 per month from the Social Security Administration and that said check in the sum of $226.80 per month which is designated for said minor children shall be directed to the custodian of the dependent children and shall be used in the care, education and maintenace [sic] of the minor children of the parties.

\*    \*    \*    \*    \*    \*

IT IS THEREFORE ORDERED ADJUDGED AND DECREED:

\*    \*    \*    \*    \*    \*

3. That James Patrick is presently totally disabled and that his dependent children presently receive the sum of $226.80 per month from the social security administration and that said check in the sum of $226.80 per month which is designated for said minor children shall be directed to the custodian of the dependent children and shall be used in the care, education and maintenance of the minor children of the parties and said contribution by the social security administration shall represent respondent's re-

quirement of support for the two (2) minor children.

Both the record and the language of the above provisions support the trial court's conclusion that the divorce court intended for the Social Security benefit payments, regardless of their amount, to be James' contribution to the support of his natural children. This included any increases that might be granted by the Social Security Administration in future years. Such a reading gives due regard to the needs of the child and the physical disabilities of the father. Fluctuations in the amount of the Social Security benefits payable to the children would automatically adjust the amount of child support without the need of court intervention or the filing of petitions for modification. Additionally, any fluctuations that occurred would be based on objective data utilized by the Social Security Administration. Contrary to James' assertions, the Social Security Administration is not being given authority to determine the amount of child support in contravention of IND.CODE 31–1–11.5–17. Rather, the original divorce court intended that no petition for modification should be necessary in order for James' natural children to receive any increases in the Social Security benefits provided for James' children. James, however, is not precluded from filing a petition to modify the existing support order. We find that because of the nature of Social Security payments, trial courts may properly order current amounts received and any future increases to serve as a parent's contribution to the support of a minor child. *See e.g., Mooneyham v. Mooneyham* (1982), Miss., 420 So.2d 1072; Annot., 77 A.L.R.3d 1315.

James also argues that because he is permitted by 42 U.S.C.A. §§ 415, 416, 606 and 607 to add his step-children as dependents, the trial court's determination that the support order requires all benefits to be paid to his natural children violates a federally protected right. We disagree. James is not being precluded from remarrying or acquiring a new family. He is merely being ordered to comply with the support order issued in the original divorce decree. Under Indiana law, James has no legal duty or obligation to support his step-children. He does, however, have a legal duty to support his natural children. *Treschman v. Treschman* (1901), 28 Ind. App. 206, 61 N.E. 961, 962. It, therefore, is not unreasonable to require him to utilize funds received for dependent children exclusively for the support of his natural children. We find no error in the trial court's interpretation of the support provisions.

## ISSUE II. *Finding of Contempt*

James argues that the trial court erred by finding him in contempt of court for diverting a portion of the dependent benefits from his natural children to his step-children. He also asserts that the trial court incorrectly found that the diversion of funds resulted in a child support arrearage of approximately $16,863.00.

All orders and awards contained in a dissolution decree may be enforced by contempt. IND.CODE 31–1–11.5–17(c)(1). "Every person who shall be guilty of any wilful disobedience of any ... order lawfully issued by any court of record ... shall be guilty of an indirect contempt of the court...." IND.CODE 34–4–7–3. In contempt proceedings, the person charged with contempt bears the burden of proving that the failure to comply with the court's order was not willful or was excused. *Holman v. Holman* (1985), Ind.App., 472 N.E. 2d 1279, 1284. It is the trial court's duty to weigh the evidence and determine whether the noncompliance was willful. *Id.* When contempt is found, it in effect gives rise to a negative judgment which will be reversed on appeal only if it is shown that there was no evidence to support the trial court's conclusion. *Id.*

In the present case, the trial court found that James knew he was not complying with the support order when the trial court entered its order of June 3, 1986. The court further found that the failure to comply was not fully in bad faith because there was a dispute as to the interpretation of the support order. However, James was subsequently ordered to remove the step-

children from the social security benefits program and pay all the benefits to his natural children. This was not done because the Social Security Administration told James' attorney it was not possible. There was no evidence that James could not have paid the difference between what his natural children were receiving and what they should have received under the support order. The trial court considered the willfulness of James' actions and any existing mitigating circumstances. The court concluded that James was in contempt but ordered him to pay only a part of the petitioner's attorney fees because of the circumstances involved. If the court's contempt order had been based solely on James' initial failure to pay the support, the contempt order would be questionable because a good faith dispute existed as to the intent of the support order and because James tendered the payments he believed due under the order. *See Rohn v. Thuma* (1980), Ind.App., 408 N.E.2d 578, 581. However, the trial court also based the contempt order on James' continued failure to comply with its orders. Therefore, we find that the trial court's finding of contempt is justified by the record.

 Finally, as previously discussed, the record and law supports the trial court's determination that James was in arrears in his child support payments. The amount of the arrearage was stipulated to by both parties. We therefore find no error in the trial court's determination that James owed approximately $16,863.00 in child support.

ISSUE III. *Modification of Support Provisions.*

Finally, James contends that the trial court should have granted his petition to modify the support provisions contained in the dissolution decree. A trial court may modify a support order upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. *Gerber v. Gerber* (1985), Ind.App., 476 N.E.2d 531, 533. The trial court's decision will be reviewed for an abuse of discretion. We will reverse only when the trial court's decision is clearly against the

logic and effect of the facts and circumstances presented. *Id.*

The facts show that James was disabled at the time of the dissolution of his marriage. Both he and his natural children were receiving Social Security benefits at that time. The only changes since that date are the emancipation of one daughter and James' remarriage. As noted earlier, James' only duty is to support his natural children. Under these circumstances, we find no abuse of discretion in the trial court's decision to continue to have the full amount of dependent children's benefits paid exclusively to his natural children.

The decision of the trial court is, in all respects, affirmed.

MILLER, P.J., and CONOVER, J., concur.