**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 20 2013, 5:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BILL D. EBERHARD**
Eberhard & Weimer, P.C.
LaGrange, Indiana

ATTORNEY FOR APPELLEE:

**JOHN M. HAECKER**
Grimm & Grimm
Auburn, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEBORAH D. MINNICH, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No.  57A03-1303-DR-92 |
| | ) | |
| WILLIAM B. MINNICH, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE NOBLE CIRCUIT COURT
The Honorable G. David Laur, Judge
Cause No. 57C01-1108-DR-155

**August 20, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, we conclude that a trial court's denial of a motion for additional time to comply with the terms of a property distribution order was not an abuse of discretion when the order specifically provided what was to occur if the deadlines imposed by the order were not met.

The marriage of William B. Minnich (Husband) and Deborah D. Minnich (Wife) was dissolved in July 2012, and the trial court's property distribution order awarded Wife certain real property if she could refinance the property and make a substantial equalization payment to Husband within 120 days. If Wife was unable to meet this deadline, the property would then be awarded to Husband, provided he could refinance and make an equalization payment to Wife. Wife was unable to meet her deadline, and Husband filed a motion to enforce the property distribution order. Wife then filed a motion asking the trial court for additional time to complete the transaction. After a hearing, the trial court denied Wife's motion and awarded the property to Husband contingent upon his making an equalization payment to Wife within 120 days.

Wife appeals, claiming that the trial court erred by determining it was unable to modify its original order and by failing to consider and grant her motion as a Trial Rule 60(B) motion for relief from judgment. Finding no error, we affirm the judgment of the trial court.

FACTS

Husband and Wife married in 2004, and Husband petitioned for dissolution of the marriage in 2011. The trial court held a contested hearing regarding property distribution

2

on July 24, 2012, and on August 23, 2012, the trial court issued a dissolution decree that was dated July 24, 2012.

In relevant part, the dissolution decree awarded Wife certain real estate valued at $209,935.88 "as it has been in her family for decades, subject to her ability to obtain mortgage financing to satisfy the equalization judgment set out below." Appellant's App. p. 12. The equalization "judgment" required Wife to pay Husband $156,404.81 within 120 days and further stated that "[i]n the event the equalization payment is not paid, then the Court awards the farm, livestock, barn and equipment to Husband and Husband shall pay an equalization payment of $119,767.75 - $600.09 = $119,167.66, within one hundred twenty (120) days from the expiration date for Wife to obtain financing." Id. at 14.

On November 26, 2012, Husband filed a "Motion to Clarify and Enforce Decree of Dissolution of Marriage," wherein he claimed that Wife had failed to secure financing or make an equalization payment within 120 days from July 24, 2012, as required by the dissolution decree. Id. at 15-17. Husband requested that the trial court enforce the decree by awarding him the property subject to an equalization payment made from him to Wife. Husband asserted that he had already arranged financing and asked that the trial court "appoint a commissioner for Wife for the purpose of executing documents required at the closing of Husband's refinancing transaction." Id. at 16. The trial court scheduled a hearing on Husband's motion for January 10, 2013.

On December 13, 2012, Wife filed a response to Husband's motion, claiming that because the effective date of the dissolution decree had been August 23, 2012, not July 24, 2012, her deadline for making the equalization payment was actually December 20, 2012. However, Wife also asked for an extension of time in which to pay Husband because, although she claimed that she was ready to close on the financing transaction the next day, she "ha[d] been informed by the Star Financial Bank closing officer that it may take up to 30 days from the date of closing for Wife to receive the cash funds to pay [Husband]." Appellant's App. p. 19. Wife requested that the trial court allow her until January 24, 2013, to make the payment.

On January 10, 2013, Husband responded to Wife's response, and the trial court proceeded with the hearing on Husband's motion to clarify and enforce the dissolution decree. During the hearing, it was determined that Wife still had not closed on the property's refinancing. Wife's counsel claimed that "one of the reasons [is because Husband is] on the mortgage and Star Financial won't close . . . until he signs off. So if he'll sign she'll give him the remainder[1] of the money, but he's not signed off." Tr. p. 13. However, counsel for Wife then stated that "apparently Star Financial has never contacted him, so how would he know . . . ." Id. at 14.

As for Wife's request for additional time to make the equalization payment, Husband's counsel stated:

---

[1] On December 19, 2012, Wife made a partial payment to Husband in the amount of $30,410.13, and on January 10, 2013, Wife gave Husband an additional $25,000. However, Husband had returned each of those payments by the January 10, 2013 hearing.

4

Your Honor, if you look at . . . the response I filed today, uh, they're asking you to do something you don't have any authority to do. You, you can't, according to law give them more time. . . . So they're asking you to do something you don't have authority to do.

Tr. p. 15. The trial court then told Wife's counsel, "Tell me how I have the ability to change it. . . . [Husband's counsel] gives me what I . . . think is accurate law." Id. at 16. Wife's counsel requested the opportunity to file a written response, and the trial court granted Wife's counsel until the end of the following week to file a response. Wife filed her memorandum of law in support of her request for an extension of time on January 18, 2013.

On January 22, 2013, the trial court issued an order stating in relevant part:

1. [Wife] has not paid to [Husband] the sum of $156,404.81 within the 120 days as set out in the Dissolution Decree.

2. Pursuant to the Dissolution Decree, the farm, livestock (valued at $7200.00), barn and equipment is awarded to [Husband], subject to his payment, within 120 days of this Order, to [Wife] in the sum of $119,167.66. [Wife] shall cooperate with [Husband] with the closing and should she fail to sign the required closing and transfer documents, the Court appoints John Haecker to act as Commissioner to execute documents on her behalf.

. . .

4. [Wife] shall surrender possession of the residence located on the real estate within ten (10) days after closing and possession of the livestock, equipment, land and out buildings at closing.

Appellant's App. p. 8. On February 20, 2013, the trial court denied Wife's motion to correct errors. Wife now appeals.

5

Wife's primary argument is that the trial court erred in determining that it could not lawfully modify its previous property distribution order pursuant to Indiana Code section 31-15-7-9.1.[2] At the outset, however, we are compelled to point out that the trial court's order does not specifically state that the trial court lacked the authority to change the dissolution decree. Rather, the order simply states that Wife failed to abide by the terms of the decree that provided for her to keep the property, and therefore Husband was entitled to enforcement of the terms of the decree. Appellant's App. p. 8. Thus, notwithstanding the statements the trial court made during the January 10, 2013 hearing regarding its ability to modify its original property distribution order, the trial court's order does not reflect that the argument made by Husband's counsel during the hearing factored into its decision to enforce its original order rather than allow Wife additional time for refinancing.

Put another way, as it was entirely within the trial court's discretion to enforce the terms of its original decree, and the trial court's order appears to do just that, there is simply no support for Wife's claim that the trial court "made its decision solely on an assertion of law" made by Husband's counsel. Appellant's Br. p. 6; see Shepherd v. Tackett, 954 N.E.2d 477, 480 (Ind. Ct. App. 2011) (stating that "[a] dissolution court retains jurisdiction to interpret the terms of its decree and decide questions emanating from its decree pertaining to its enforcement"). Accordingly, this argument fails.

---

[2] In relevant part, this statute provides: "The orders concerning property disposition entered under this chapter . . . may not be revoked or modified, except in case of fraud." Ind. Code § 31-15-7-9.1(a).

Additionally, we cannot subscribe to Wife's argument that the trial court should have interpreted her motion as a Trial Rule 60(B) motion for relief from judgment and granted her relief from the judgment on that basis. In support of her argument, Wife directs us to Parham v. Parham, which held that a trial court did not abuse its discretion in setting aside, pursuant to Trial Rule 60(B)(8), a dissolution decree's property distribution order that was going to be "legally impossible to carry out" as the decree directed. 855 N.E.2d 722, 726 (Ind. Ct. App. 2006). Wife's reliance on Parham is misplaced, inasmuch as the Parham Court concluded that the wife's requests were "tantamount to a request for relief from a judgment under Trial Rule 60(B)" and because, at a hearing on the motion, the wife's counsel "made clear that the trial court was presented with a request for relief under Trial Rule 60(B)." Id. at 727, 731. Indeed, here Wife raises her Trial Rule 60(B) argument for the first time on appeal and has presented no evidence that the trial court's original order was impossible to accomplish. Therefore, Wife's reliance on Parham avails her of nothing.

Additionally, we believe that our Supreme Court in Ryan v. Ryan made clear that equitable relief under Trial Rule 60(B), which is first and foremost a procedural mechanism rather than a substantive right, is inappropriate when the mandates of a statute strictly forbid it. 972 N.E.2d 359, 370 (Ind. 2012). The Ryan Court further directed that principles of contract law should apply when a dispute arises over a property division order. Id. at 371.

7

It follows that because Indiana Code section 31-15-7-9.1 expressly forbids modification of a property division order set out in a final dissolution decree, relief from the property distribution order was unavailable to Wife under Trial Rule 60(B). This is especially true because it appears that the trial court considered that Wife may not be able to refinance the property and make the required equalization payment to Husband in a timely manner. Indeed, the trial court made specific provisions for what was to happen should that contingency occur.

"[S]trong policy favors the finality of marital property divisions, whether the court approves the terms of a settlement agreement reached by the parties or the court mandates the division of property among the parties." Shepherd v. Tackett, 954 N.E.2d 477, 480 (Ind. Ct. App. 2011). And while a trial court may correct its own judgment "to reflect the true intention of the court at the time the judgment was entered," Lankenau v. Lankenau, 174 Ind. App. 45, 49, 365 N.E.2d 1241, 1244 (1977), "an order is not merely a clarification where it makes substantial changes in the original decree," Shepherd, 954 N.E.2d at 482.

Here, because the trial court considered the contingency of Wife being unable to complete her refinancing transaction within 120 days and the property distribution order specifically awarded the property to Husband in that event, we conclude that Wife's request for an extension of time was essentially a request that the trial court materially alter the terms of the property distribution order. See Ryan, 972 N.E.2d at 363-65 (discussing the difference between a modification and a clarification of a property

8

distribution agreement or order and concluding that such an agreement incorporated into a final dissolution decree could not be later modified by the trial court when the agreement itself was unambiguous, suggested that the parties had contemplated market risk, and contained no provision that allowed for later adjustment of its terms). Therefore, it was proper for the trial court to deny Wife's request for an extension of time to complete the refinancing transaction, and we find no error.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., concurs.

VAIDIK, J., dissents with opinion.

_____

# IN THE
# COURT OF APPEALS OF INDIANA

_____

DEBORAH D. MINNICH,                    )
                                       )
    Appellant-Intervener,          )
                                       )
       vs.                     )    No. 57A03-1303-DR-92
                                       )
WILLIAM B. MINNICH,                    )
                                       )
    Appellee-Petitioner.           )
                                       )

_____

**VAIDIK, Judge, dissenting.**

Because I believe that the trial court should have treated Wife's motion as a Trial Rule 60(B) motion for relief from judgment and granted her an evidentiary hearing, I respectfully dissent.

In this case, the parties were divorced in July 2012. The trial court's property-division order gave Wife 120 days to refinance the property at issue and make a cash-equalization payment to Husband of $156,404.81. This is not just any property, however—it is a farm with surrounding acreage that has been in Wife's family for decades. Wife made two payments to Husband (totaling almost $55,000), but was unable to complete the refinancing process within the 120-day period. When the 120-day period

expired, Husband filed a motion to enforce the property-division order, which, in the case that Wife was unable to make the entire cash-equalization payment, allowed Husband to take possession of the family farm.[3]  Wife filed her response and a Motion for Extension of Time.  Wife explained that she had initiated the refinancing process immediately after receiving the property-division order and that the process would be complete in a matter of days, but according to the bank, it could take "up to [an additional] 30 days for her to receive the cash funds to pay to [Husband]."  Appellant's App. p. 19.

At a brief hearing on both parties' motions in January 2013, at which no witnesses were called, Wife confirmed that closing was imminent and explained that the refinancing process had been delayed by the bank and title companies due to the holiday season. Tr. p. 13-14.  Wife requested a one-month extension to complete the refinancing process and pay the remaining funds to Husband.  Husband argued that an extension would constitute an impermissible modification of the property-division order.  The trial acknowledged Husband's argument but appeared sympathetic to Wife's situation, asking Wife to "tell me how I have the ability to change it." *Id.* at 16.  The court directed Wife to file a brief in support of her request for an extension of time.  The court ultimately denied Wife's Motion for Extension of Time and ordered her to surrender possession of the family farm to Husband.

Wife filed a motion to correct errors in February 2013.  She argued that the trial court should have treated her Motion for Extension of Time as a Trial Rule 60(B) motion.

---

[3] Husband also requested clarification regarding other provisions in the property-division order, but that request is not relevant here.

11

Appellant's App. p. 39. She also requested an evidentiary hearing, saying that she could present evidence that the refinancing process had not been completed within 120 days due to matters outside her control and that she had made substantial interim payments to Husband to demonstrate good faith. *Id.* at 40. The trial court denied Wife's motion to correct errors, and she appealed.

I believe the trial court could have—and should have—treated Wife's motion as a Trial Rule 60(B) motion. At the brief hearing on the parties' motions, the court heard no evidence, only the arguments of counsel, and Wife did not caption her motion for Extension of Time as a Trial Rule 60(B) motion. Based on this, it was reasonable for the trial court not to initially treat Wife's motion as one for relief from judgment. But in her motion to correct errors, Wife clearly requested Trial Rule 60(B) relief, and that request was made within one year of the dissolution decree; thus, it was timely under the requirements of Trial Rule 60(B). At that point, there could be no mistake that Wife was seeking relief from judgment under Trial Rule 60(B). It follows that Wife was entitled to conduct discovery and present evidence in support of her motion. *See* Ind. Trial Rule 60(B)(D); *Rothschild v. Devos*, 757 N.E.2d 219, 224 (Ind. Ct. App. 2001) (finding that the trial court abused its discretion in denying a motion for relief from judgment without hearing pertinent evidence and allowing for discovery).

Because I believe the trial court should have treated Wife's motion as one for relief from judgment and heard evidence on Wife's claim, I would reverse the denial of Wife's motion and remand for an evidentiary hearing. At an evidentiary hearing, Wife

could argue excusable neglect based on Trial Rule 60(B), or the contract-based claim of impossibility of performance.[4] And Wife could present evidence to support her claims, including evidence that the bank was responsible for the delay in the refinancing process, she made substantial interim payments to Husband to demonstrate good faith, and Husband was not cooperative during the refinancing process.

---

[4] *See Ryan v. Ryan*, 972 N.E.2d 359, 370-71 (Ind. 2012) (A court must approach a property-division dispute as a contract dispute, subject to the rules of contract law).