

FILED

Mar 09 2017, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen P. Rothberg
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Cynthia Hogan
Fort Wayne, Indiana

Roberta L. Renbarger
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Fazia Deen-Bacchus, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Harold M. Bacchus, Jr., <br> *Appellee-Respondent.* | March 9, 2017 <br><br> Court of Appeals Case No. <br> 02A04-1608-DR-1867 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable James R. Heuer, Special Judge <br><br> Trial Court Cause No. <br> 02D07-0702-DR-153 |

**Najam, Judge.**

## Statement of the Case

Fazia Deen-Bacchus ("Wife") appeals the dissolution court's February 2016 order in which the court directed Harold M. Bacchus, Jr. ("Husband") to promptly transfer certain amounts from three investment accounts ("the investment accounts") to Wife. Wife raises a single issue for our review, which

we restate as follows: whether the dissolution court erroneously interpreted its January 2011 property distribution order, in which the court had set aside the investment accounts to Wife as "her property," when the court ordered Husband in February of 2016 to transfer only the January 2011 value of the investment accounts to Wife. We reverse and remand with instructions.

## Facts and Procedural History

[2]     The facts underlying Wife and Husband's dissolution and the distribution of the marital estate were stated by this court on appeal from the January 2011 order:

> Husband and Wife married in September 1985 and have three children, two of whom are now emancipated. Wife petitioned to dissolve the marriage on February 7, 2007. At the time, Wife was an attorney who had been admitted to practice just a few years earlier, and Husband was an Air Force physician and an emergency room physician. The parties also owned and operated a business, Med-I-Qwik.
>
> The trial court dissolved the marriage in January 2009 but left disposition of the marital property pending. Later that year, Husband retired from the Air Force and his contract as an emergency room physician was terminated. A hearing regarding disposition of the marital property was held over several days. The trial court subsequently entered an order in January 2011 identifying marital assets and debts, finding the net worth of the marital property to be $1,405,763, and giving Wife 55% and Husband 45% of the property.
>
> Both parties filed motions to correct error. After a hearing over another several days, the trial court entered an order in February 2012 reducing the net worth of the marital property to $1,353,333 and dividing the property equally between the parties. . . .

*Bacchus v. Deen-Bacchus*, No. 02A03-1203-DR-119, 2013 WL 1614972 (Ind. Ct. App. Apr. 16, 2013) ("*Bacchus I*").

[3] Also in the January 2011 order, the court "granted" Wife "as her property" the investment accounts, along with numerous other assets. Appellant's App. Vol. 2 at 48. Elsewhere in its order, the court found the investment accounts to have values of $305,755 (Prudential SEP IRA account #9594); $67,961 (Prudential Annuity account #5952); and $81,689 (Prudential Life Insurance account #3175). However, in ordering that Wife be "granted" the investment accounts "as her property," the court simply identified the assets granted to Wife without reference to the court's valuation of those assets. *Id.* Further, in their ensuing motions to correct error, neither party challenged the court's identification of the investment accounts as assets to be distributed to Wife.

[4] Both parties raised numerous issues for our review in *Bacchus I*. After reviewing the parties' arguments, we affirmed in part, reversed in part, and remanded with instructions to the dissolution court. However, neither party questioned on appeal the dissolution court's order that the investment accounts were assets to be distributed to Wife.

[5] Nonetheless, Husband never distributed the investment accounts to Wife as her own assets. Eventually, the court held a hearing on Husband's refusal to distribute the investment accounts, along with other matters. At that hearing, Husband's only argument as to why he had not distributed the investment accounts to Wife was that he interpreted the January 2011 order to require only

the distribution of a defined value—namely, the court's January 2011 valuation of each of the investment accounts—to Wife, though he had also not distributed those values to Wife. As such, Husband contended, the investment accounts themselves actually belonged to Husband, which, he continued, also entitled him to an asserted $65,595 in growth from those accounts.[1] Later in the hearing, following up on a line of questioning from the dissolution court, Husband's counsel stated that Husband "had transferred money . . . into [the Prudential] SEP IRA after the hearing in 2010 [on the distribution of assets]," but she conceded that there was no evidence in the record that Husband had contributed any money to any of the investment accounts after the January 2011 order. Tr. at 4, 55.

[6] Following the hearing, in February of 2016 the court entered its order regarding Husband's failure to distribute the investment accounts. In that order, the court found and concluded in relevant part as follows:

> 8.     As of this date [Husband] has failed to cooperate in the transfer of three investment accounts to [Wife] as provided in the order issued January 6, 2011, namely:
>
> Marital Estate Value [as determined in the January 2011 Order]

---

[1] At the hearing, Husband's counsel stated that the current value of the investment accounts was "over $330,000" (Prudential SEP IRA account #9594); $91,000 (Prudential Annuity account #5952); and "over $100,000" (Prudential Life Insurance account #3175). Tr. at 4-5, 7. Those figures represent a cumulative growth of at least $65,595.

| A. Prudential SEP IRA (#9594) | $305,755.00 |
| B. Prudential Annuity (#5952) | $67,961.00 |
| C. Prudential Life Ins. (#3175) | $81,689.00 |
| D. Total | $455,405.00 |

9. Pursuant to . . . the January 6, 2011[,] Order, both parties were ordered to promptly sign all documents required to effectuate transfer of assets.

10. [Husband] caused Prudential Financial to freeze these accounts until the dispute as to the amount of distribution of each account was resolved. It is [Husband's] contention that any f[u]nds in excess of the marital estate value should remain as his property. It is [Wife's] contention that the current value of the accounts should be transferred to her. *If [Husband] had elected to delay the transfer of that portion of [the investment] accounts in excess of the marital estate value[,] he would not be acting in violation of . . . the January 6, 2011[, Order]*. However, his actions in denying [Wife] access to the amount not in dispute, namely, $455,405.00, is in violation of the January 6, 2011[, Order]. He is, therefore, found in contempt.

11. *[Wife] is entitled to receive the marital estate value of the accounts. This is due, in part, to the volatility of the investment market from year to year and the fact that [Husband] made additional contributions to the accounts after this marital estate value was established.*

12. However, due to the delay in the transfer of the assets caused by [Husband], he shall pay to [Wife] the sum of one

percent (1%) per annum of the martial estate value of these assets . . . [which is a total value of] $18,491.00.

Appellant's App. Vol. 2 at 36-37 (emphases added). This appeal ensued.

## Discussion and Decision

[7] Wife appeals the dissolution court's February 2016 order. In particular, Wife challenges the court's conclusion that, in the January 2011 order, the court had ordered Husband to distribute to Wife only certain values from the investment accounts rather than transferring ownership of the investment accounts to Wife. Thus, Wife's argument on appeal requires us to construe the January 2011 order.

[8] We have long recognized that "[a] judgment is construed in the same manner as a contract would be. The language of a judgment is ambiguous where it would lead two reasonable [people] to different conclusions as to its effect and meaning." *Flynn v. Barker*, 450 N.E.2d 1008, 1009 (Ind. Ct. App. 1983). "When construing the language of a judgment[,] the Court will attempt to read the provisions of the judgment so as to render all of them effective and not mere su[r]plusage." *Id.* We interpret contracts, and, therefore, judgments, *de novo*. *See State Farm Mut. Auto. Ins. Co. v. Jakubowicz*, 56 N.E.3d 617, 619 (Ind. 2016).

[9] We agree with Wife that the January 2011 order unambiguously set the investment accounts themselves, and not merely their values at the time, aside to Wife as her own assets. While the January 2011 order necessarily identified both the investment accounts and values for those accounts, in ordering the

distribution of the parties' respective property and assets the court unmistakably identified each of the investment accounts—without reference to the values for the accounts—as Wife's "property." Appellant's App. Vol. 2 at 48. There is simply no reasonable alternative construction of the court's January 2011 order. Accordingly, we hold that the court erred in the February 2016 order when it concluded that the January 2011 order set aside to Wife only the values of the investment accounts.

[10] Indeed, Husband's only argument to the dissolution court regarding his recalcitrance in following the January 2011 order—that the order was ambiguous—should have been rejected outright by the court as untimely. We have recognized that, where such arguments are raised for the first time after the timeframe for motions to correct error has lapsed, such arguments are barred by "*res judicata*, [and the order in question is] subject to modification only through the appeal process." *R.W.M. v. A.W.M.*, 926 N.E.2d 538, 541-42 (Ind. Ct. App. 2010). Indeed, while trial courts have "ample authority" to "alter, amend[,] or modify" their judgments, *Ind. & Mich. Elec. Co. v. Harlan*, 504 N.E.2d 301, 308 (Ind. Ct. App. 1987), *trans. denied*, that authority is limited to "any time before a motion to correct error[] is required to be made, or with or as part of a motion to correct error[]," Ind. Trial Rule 52(B).

[11] Here, Husband did not assert in his motion to correct error on the January 2011 order that the court's language to distribute the investment accounts was ambiguous. Neither did the court reconsider its January 2011 order *sua sponte* within that timeframe. *See id.* And neither did Husband raise the issue on

appeal from the January 2011 order in *Bacchus I*. The dissolution court should not have entertained Husband's argument at this belated juncture.

[12] Nonetheless, on appeal Husband contends that we should defer to the dissolution court's interpretation of its own order. We cannot agree. Our *de novo* standard of review is well-established. *See Flynn*, 450 N.E.2d at 1009. Moreover, the January 2011 order is a paper record that speaks for itself. We are in just as good a position as the dissolution court to determine the meaning of that record. *See Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d 1200, 1206 (Ind. Ct. App. 2014), *trans. denied*. Thus, we owe the court no deference on this issue.

[13] Husband also argues that the February 2016 order should be affirmed based on its finding that Husband had continued to make contributions to the investment accounts. It is true that, in its February 2016 order, the court stated that Husband "made additional contributions to the accounts after th[e] marital estate value [had been] established." Appellant's App. Vol. 2 at 37. We review the court's findings of fact for clear error. *Fischer v. Heymann*, 12 N.E.3d 867, 870 (Ind. 2014). Clear error occurs when "the record contains no facts to support" the court's findings. *Id.*

[14] That finding is clear error. There is no evidence whatsoever to show that Husband made any contributions to the investment accounts either after the 2010 hearing on the distribution of the marital estate or after the court entered the January 2011 order. *See id.* To the contrary, Husband's counsel expressly

admitted that Husband had made no such contributions after the January 2011 order. Tr. at 4; *see Krampen v. Krampen*, 997 N.E.2d 73, 81 (Ind. Ct. App. 2013) ("While statements of counsel are not evidence, a clear and unequivocal admission of fact by an attorney is a judicial admission which is binding on the client.") (quotation marks and alteration omitted), *trans. denied*. Insofar as Husband's counsel did suggest that Husband had made contributions of unknown amounts an unknown number of times after the 2010 hearing but before the 2011 order, the statements of counsel are not evidence. *Krampen*, 997 N.E.2d at 81. And Husband's argument that we should affirm the dissolution court's finding based solely on the dissolution court's knowledge of the case is not persuasive. Neither Wife's appendix on appeal nor the transcript of the hearing before the dissolution court demonstrates any evidence in support of the statements of Husband's counsel, and Husband has not filed an appellee's appendix to supplement the record on appeal. Accordingly, we are obliged to conclude that the dissolution court's finding is not supported by the record.

[15] Finally, we are also not persuaded that the dissolution court's order for Husband to pay an additional one percent of the January 2011 values of the investment accounts, or $18,491, to Wife requires us to affirm the February 2016 order. Again, the January 2011 order is unambiguous and Husband's arguments to the contrary are not timely. Moreover, Husband's counsel admitted to the court that the investment accounts had grown by more than $65,000 during the time that Husband had defied the January 2011 order to distribute those accounts to Wife. The court's order for Husband to pay Wife

the additional $18,491 does not place Wife in the position she would have occupied had Husband complied with the January 2011 order and distributed the investment accounts to Wife. Rather, the court's February 2016 order rewards Husband for disregarding the January 2011 order and penalizes Wife.

[16] In sum, the parties and the dissolution court had the opportunity to clarify any ambiguities in the January 2011 order within the time prior to the court's judgment on the motions to correct error that were filed on that order, yet neither the parties nor the court suggested that the language of the January 2011 order to distribute the investment accounts to Wife was ambiguous. And it was not ambiguous; the order plainly and unmistakably identifies the investment accounts, not a certain value of the accounts, as Wife's property. Accordingly, the dissolution court's February 2016 order to the contrary is erroneous. We reverse the February 2016 order on this issue and remand with instructions that the dissolution court order Husband transfer ownership of the investment accounts to Wife and to enter any other findings and conclusions the court deems appropriate that are not inconsistent with this opinion.

[17] Reversed and remanded with instructions.

Bailey, J., and May, J., concur.