## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 27 2017, 10:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Yvonne M. Spillers | Stephen P. Rothberg |
| Fort Wayne, Indiana | Fort Wayne, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Marriage of: | April 27, 2017 |
| | Court of Appeals Case No. 02A03-1611-DR-2640 |
| Heather Rose, | |
| *Appellant-Respondent,* | Appeal from the Allen Superior Court |
| v. | The Honorable Charles F. Pratt, Judge |
| | The Honorable Sherry A. Hartzler, Magistrate |
| Bradley Rose, | |
| *Appellee-Petitioner.* | Trial Court Cause No. 02D08-1305-DR-726 |

**Najam, Judge.**

## Statement of the Case

[1] Heather Rose ("Wife") appeals from the dissolution court's judgment. In its judgment, the court ordered Bradley Rose ("Husband") and Wife to equally

split post-dissolution costs relating to a foreclosure on their mortgage. The court also ordered Wife to pay Husband more than $18,000 in court costs and attorney's fees that he had incurred in defending himself from tort claims initiated by Wife in a separate civil action. Wife raises two issues for our review, which we restate as follows:

1. Whether the dissolution court abused its discretion when it ordered Husband and Wife to equally split the post-dissolution costs relating to the foreclosure on their mortgage.

2. Whether the dissolution court erred when it interpreted its original order that Wife shall hold Husband harmless from certain medical bills to include Wife having to pay Husband's court costs and attorney's fees in the separate civil action.

We affirm in part and reverse in part.

## Facts and Procedural History

In May of 2013, Husband filed a petition for the dissolution of his marriage to Wife. Wife responded to Husband's petition and counterclaimed for damages that resulted from a battery Husband had inflicted on Wife during the marriage. In particular, Wife alleged as follows:

> On April 21, 2013, [the] parties were drinking alcohol to an excess when [Husband] was pulling [Wife] around the marital home[,] which caused large clumps of her hair to fall out. He shoved her onto the floor . . . causing such a commotion it agitated their family dog—a pitbull—which then bit [Wife]

repeatedly on the thigh and forearm ultimately requiring stitches. [Husband] refused to free [Wife and] she was unable to protect herself from the attacking dog. [Husband] threw [Wife] onto their outside deck with such force it knocked her unconscious. . . .

Appellant's App. Vol. II at 15. In light of the April 21 incident, Wife sought compensatory and punitive damages against Husband from the dissolution court.

[4] Following an evidentiary hearing, the dissolution court entered its decree of dissolution. In its decree, the dissolution court expressly found that Wife had incurred those medical costs due to Husband's "misconduct" during the April 21 incident. *Id.* However, while the court ordered Wife to pay and be responsible for those costs, the court also awarded Wife 72% of the marital estate.

[5] The dissolution court further found that the marital residence had a fair market value of $72,000 but was encumbered by a mortgage in that same amount. The court ordered Husband to pay and hold Wife harmless with respect to that mortgage. The court further found that the marital residence was in foreclosure proceedings.

[6] Indeed, at the evidentiary hearing, Wife submitted a report to the court in which the reinstatement amount to remove the marital residence from the foreclosure proceedings was identified as $6,105.56. However, around that same time Wife learned that the reinstatement amount was actually $8,026.56.

Wife informed the court of her error with respect to identifying that amount about two weeks after she had learned of it. Nonetheless, one week after Wife's correction, the court issued its decree and, in the decree, the court relied on the erroneous reinstatement amount and found that the parties had both borne the cost of satisfying the reinstatement amount. Thereafter, due to the remaining balance on the reinstatement amount, the mortgagee again instituted foreclosure proceedings, which ultimately resulted in a deficiency judgment against Husband in the amount of $17,970.11.

[7] Meanwhile, although the dissolution proceedings were ongoing and despite having counterclaimed against Husband on the basis of the April 21 incident in those proceedings, Wife filed an independent civil action against Husband in which she sought damages resulting from the April 21 incident. In that civil action, Wife alleged that Husband had committed false imprisonment and intentional infliction of emotional distress in addition to battery. Further, in addition to compensatory and punitive damages, Wife sought damages relating to pain, suffering, and emotional distress.

[8] Husband moved for summary judgment on Wife's independent civil action on the basis of *res judicata*, but the trial court denied his request. After a bench trial, the court entered judgment for Wife in the amount of $200, which the court awarded "for pain and suffering and emotional distress." *Id.* at 119. The court

declined to award Wife more due to "her behavior in this incident."[1] *Id.* The court further declined to enter punitive damages against Husband and found that, insofar as Wife was entitled to compensatory damages, she "has already been awarded her medical bills by virtue of the Decree of Dissolution . . . [, which] awarded Wife a disproportionate amount of the marital assets . . . ." *Id.* And the trial court ordered Husband to pay Wife's court costs.

[9] On January 28, 2016, Husband filed a Trial Rule 60(B) motion for relief from judgment in the dissolution court on the basis of the deficiency judgment entered against him during the post-dissolution foreclosure proceedings. Husband later also filed a petition for indemnity in the dissolution court. In that petition, Husband asserted that the hold-harmless provision of the dissolution decree, which related to Wife's medical bills following the April 21 incident, required Wife to pay his court costs and attorney's fees related to his defense to that incident in the civil action. The dissolution court agreed with both of Husband's requests and ordered Wife to pay half of the deficiency judgment and all $18,177.02 of Husband's court costs and attorney's fees from the civil action. This appeal ensued.

---

[1] According to the dissolution decree, Wife was to have vacated the marital residence by April 1. After the bench trial in the civil action, the court agreed with Husband that "[t]he evidence supports [his] claim that he was taking action to eject Wife from the residence" on April 21. Appellant's App. Vol. II at 119-20.

# Discussion and Decision

## *Issue One: Deficiency Judgment*

[10] On appeal, Wife asserts that the dissolution court erred when it granted Husband's Trial Rule 60(B) motion for relief from judgment and ordered her to pay half of the post-dissolution deficiency judgment. Relief from judgment under Trial Rule 60 is an equitable remedy within the trial court's discretion. *C.A.B. v. J.D.M. (In re C.B.M.)*, 992 N.E.2d 687, 691 (Ind. 2013). "Accordingly, we generally review a trial court's Rule 60 ruling only for an abuse of discretion." *Id.*

[11] Husband premised his Rule 60(B) motion on the theory that Wife's erroneous report to the dissolution court regarding the reinstatement amount, on which the court relied in entering the decree, was a "mistake" under Rule 60(B)(1) that entitled him to relief from the decree. *See* Ind. Trial Rule 60(B)(1). After hearing the parties' arguments and reviewing submitted documentation, the dissolution court agreed, stating that "the evidence presented to the Court [during the dissolution proceedings] was incorrect and thus a mistake of fact." Appellant's App. Vol. II at 51. The court further stated that "the facts relating to reinstatement of the mortgage were not known to the parties until after the trial was held and this failure is not the result of fault or negligence on either party." *Id.* at 52. The court then concluded that Husband had demonstrated that relief from the decree was "necessary and just," and it ordered the parties to be "equally responsible for the deficiency judgment." *Id.*

[12]     Wife first contends that the dissolution court erred when it granted Husband's motion for relief from judgment either because the costs from which Husband sought relief did not exist at the time the court entered the decree or because the risk of those costs was anticipated in the decree, which, Wife continues, instructed Husband to hold Wife harmless on the mortgage. We reject those arguments. The whole point behind the dissolution court's original order that the parties first pay the reinstatement amount was to avoid further foreclosure proceedings, which were likely to result in further expenses to the parties. But the evidence submitted to the court to accomplish that goal was mistaken, resulting in further foreclosure proceedings and expenses, which proves the dissolution court's original point. Moreover, the court's order that Husband hold Wife harmless with respect to the mortgage was clearly made in anticipation of the marital residence having first been removed from the foreclosure process. Accordingly, we are not persuaded by Wife's arguments.

[13]     Wife also suggests that the dissolution court abused its discretion in ordering her to pay half of the deficiency judgment when the decree awarded her 72% of the marital estate. But the decree ordered the erroneous reinstatement amount to be paid by the parties before it divided the marital estate. That is, in the original decree the parties were equally responsible for the reinstatement amount. As such, the court cannot have abused its discretion in ordering the parties to each pay half of the deficiency judgment that resulted from the mistaken reinstatement amount.

[14] Finally, Wife argues that, in light of her testimony before the dissolution court at the evidentiary hearing prior to the decree and various excerpts from the dissolution court at that time, the dissolution court erred when it found a mistake of fact underlying Husband's Rule 60(B) motion. Wife's argument is not consistent with our standard of review, and, as such, we reject it. Similarly, Wife asserts that Husband's failure to object to the erroneous reinstatement amount forecloses his Rule 60(B) motion. We also reject that argument. Wife cites no support from the original proceedings to show that Husband was aware at that time that the proffered reinstatement amount was a mistake. And we reject Wife's suggestion that Husband's use of Trial Rule 60(B) to revisit the decree was procedurally improper. *See, e.g.*, *Russell v. Russell*, 693 ne 980, 982 (Ind. Ct. App. 1998), *trans. denied*.

[15] In sum, we hold that the dissolution court acted within its equitable discretion when it granted Husband's Rule 60(B) motion and ordered the parties to be equally responsible for the post-dissolution deficiency judgment.

### Issue Two: Husband's Court Costs and Attorney's Fees in the Civil Action

[16] Wife next challenges the dissolution court's order that she pay Husband's court costs and attorney's fees that resulted from her separate civil action against Husband. The dissolution court's resolution of this issue turned on its

interpretation of the decree.[2] We have long recognized that "[a] judgment is construed in the same manner as a contract would be. The language of a judgment is ambiguous where it would lead two reasonable [people] to different conclusions as to its effect and meaning." *Flynn v. Barker*, 450 N.E.2d 1008, 1009 (Ind. Ct. App. 1983). "When construing the language of a judgment[,] the Court will attempt to read the provisions of the judgment so as to render all of them effective and not mere su[r]plusage." *Id.* We interpret contracts, and, therefore, judgments, *de novo. See State Farm Mut. Auto. Ins. Co. v. Jakubowicz*, 56 N.E.3d 617, 619 (Ind. 2016).

[17] According to the dissolution court, paragraph 39 of the decree entitled Husband to have Wife pay his court costs and attorney's fees from the separate civil action. Again, that paragraph states as follows:

> 39. [Wife] shall pay and hold [Husband] harmless with respect to the following marital debts:

| Creditor | Balance |
| --- | --- |
| Allied Hospital Pathologist | $44.00 |
| Parkview Regional Medical Center | [$]3,098.00 |
| Professional ER Physicians | [$]774.00 |
| Maumee Township Ambulance | [$]730.00 |
| Fort Wayne Radiology | [$]172.00 |

---

[2] We note that, in her brief on appeal, Wife states that she argued in the dissolution court that Husband's request for costs and fees was barred by *res judicata*. But it is not clear that Wife makes that argument on appeal. Regardless, we need not consider it given our disposition.

Appellant's App. Vol. II at 45. The dissolution court concluded that, because that paragraph instructs Wife to hold Husband harmless with respect to the medical bills that resulted from the April 21 incident, it likewise requires Wife to pay Husband's court costs and attorney's fees because, in the civil action, Wife sought, among other damages, to have Husband pay those bills.

We cannot agree with the dissolution court's interpretation of paragraph 39 of the decree. That provision is unambiguous and instructs that Wife shall hold Husband harmless only with respect to the payment of the five medical bills listed. That language comes into effect only if Wife defaults on the medical bills. Paragraph 39 does not mention or oblige Wife to pay Husband's court costs and attorney's fees arising from a separate civil action between them.[3] And insofar as Wife might have sought to have Husband pay those bills in the civil action, Husband argued in the trial court that *res judicata* should preclude that request, but the trial court rejected Husband's argument, and he did not appeal. Accordingly, we reverse the dissolution court's order that Wife pay Husband's $18,177.02 in court costs and attorney's fees.

Affirmed in part and reversed in part.

Riley, J., and Bradford, J., concur.

---

[3] We also note that, in entering judgment for Wife in the civil action, the trial court ordered Husband to pay Wife's court costs. The dissolution court's subsequent order for Husband appears to be in conflict with the trial court's judgment.